IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEYES LAW FIRM, LLC,                  *

    Plaintiff,                     *
                              Civil Action No. RDB-17-2972
    v.                             *

NAPOLI BERN RIPKA SHKOLNIK,           *
   LLP, *et al.*,
                              *

    Defendants.
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Plaintiff Keyes Law Firm, LLC ("Plaintiff" or "Keyes"), brings this action against Paul J. Napoli, Marc J. Bern, and sixteen law firms (collectively, "Defendants"), alleging that the Defendants have failed to honor their obligations under association agreements related to the referral of asbestos-related litigation. (Compl., ECF No. 1.) Currently pending before this Court is the Defendants Bern Ripka, LLP, Marc J. Bern & Partners, LLP, and Marc J. Bern's (the "Bern Defendants") Motion to Set Aside Clerk's Entries of Default.[1] (ECF No. 53.) The submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, the Bern Defendants' Motion to Set Aside Clerk's Entries of Default (ECF No. 53) is GRANTED.

Plaintiff Keyes Law Firm, LLC is located in Baltimore City, Maryland and focuses on representing individuals with asbestos-related diseases. (ECF No. 1 at ¶¶ 1, 2.) Defendants Marc J. Bern ("Mr. Bern") and Paul J. Napoli ("Mr. Napoli") are the founding partners and

---

[1] Mr. Napoli and the other fourteen law firms (the "Napoli Defendants") do not have entries of default against them and have filed a Motion to Dismiss for lack of personal jurisdiction, or in the alternative, failure to state a claim. (ECF No. 26.)

1

principals and equal partners of Defendant Napoli Bern Ripka Shkolnik, LLP ("NBRS"). (*Id.* at ¶¶ 3-5.) Mr. Bern and Mr. Napoli are also the founding partners and principals and equal partners of ten of the law firm Defendants [2] which along with NBRS make up the "Partnership." (*Id.* at ¶¶ 4-16.) Keyes alleges that in 2012, after discussions with Defendants Mr. Napoli, Mr. Bern, and other individuals associated with NBRS, Keyes began referring asbestos-related litigation to NBRS pursuant to Association Agreements. (Keyes Decl., ECF No. 45-1.) The Association Agreements set forth a contingency fee-sharing arrangement whereby Keyes would receive portions of the contingency fees and attorney's fees that NBRS secured through the referred clients.[3] (ECF No. 1 at ¶¶ 34-36.)

Subsequently, in 2014, Mr. Napoli and Mr. Bern separated as law partners and formed new firms individually.[4] (ECF No. 1 at ¶¶ 17-21, 40-41.) Mr. Napoli and Mr. Bern dispersed the cases between the two groups of firms through a fair, court-refereed "Case Distribution Process." (*Id.* at ¶ 42.) Plaintiff asserts that as a result of the Case Distribution Process, the referred clients and any recoveries were assigned from the Partnership to either Mr. Napoli or Mr. Bern or one of their firms. (ECF No. 1 at ¶ 43.) Through the assignment, the matters remained subject to the Association Agreement and its terms. (*Id.*) Plaintiff alleges, however, that the Defendants have failed to honor their payment obligations under

---

[2] Specifically, the Defendants (1) Napoli Bern, LLP; (2) Napoli, Bern & Associates, LLP; (3) Napoli Bern Ripka, LLP; (4) Napoli Bern Ripka Shkolnik & Associates, LLP; (5) Law Offices of Napoli Bern, LLP; (6) Law Offices of Napoli Bern Ripka & Associates, LLP; (7) Law Offices of Napoli Bern Ripka Shkolnik, LLP; (8) Law Offices of Napoli Vern Ripka Shkolnik & Associates, LLP; (9) Napoli, Kaiser, Bern & Associates, LLP; and (10) Pasternack Tilker Napoli Bern, LLP. (ECF No. 1 at ¶¶ 4-16.)
[3] There was also a third party that Plaintiff refers to as the "Bankruptcy Firm" that is alleged to have initially referred the clients to Keyes. (ECF No. 1 at ¶¶ 34-36.)
[4] Specifically, Mr. Napoli now controls and operates Defendants Napoli Shkolnik, PLLC; Napoli Law, PLLC; and Paul Napoli Law, PLLC (the "Napoli Firms") and Mr. Bern controls and operates Defendants Bern Ripka, LLP and Marc J. Bern & Partners, LLP (the "Bern Firms"). (ECF No. 1 at ¶¶ 17-21.)

2

the Association Agreements.

On October 9, 2017, Plaintiff filed a Complaint in this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332 against all of the Defendants, seeking an accounting of various information (Count I), a declaratory judgment concerning the parties' rights, interests, liabilities, and damages (Count II), and also bringing claims for breach of contract (Counts III, IV), unjust enrichment (Count V), and constructive trust (Count VI). The Bern Defendants were served with the Summons and Complaint on October 16, 2017, giving them until November 6, 2017 to respond. (ECF No. 50.) Plaintiff alleges that on or around November 3, 2017, Defendants Bern Ripka, LLP, Marc J. Bern & Partners, LLP, and Marc J. Bern (the "Bern Defendants") requested Plaintiff's consent to an extension of time to respond to the Complaint until December 8, 2017. (ECF No. 49 at 1.) Although Plaintiff's counsel consented to the extension, the Bern Defendants never filed a motion for extension of time with this Court. (*Id.*) Moreover, the Bern Defendants did not file a response by December 8, 2017. Thereafter, on December 19, 2017, Plaintiff filed a Request for Entry of Clerk's Default against the Bern Defendants, which the Clerk of this Court entered on December 22, 2017. (ECF Nos. 49, 50.) Subsequently, on January 4, 2018, the Bern Defendants filed a Motion to Set Aside Clerk's Entries of Default. (ECF No. 53.)

Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *See*

*Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Aikens v. Ingram*, 652 F.3d 496, 523 (4th Cir. 2011). In *Colleton*, the Fourth Circuit explained:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

616 F.3d at 417 (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006)). Ultimately, the "long-held view" in the Fourth Circuit is that motions to set aside default judgment are to be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Id.* at 421 (citations omitted).

Considering the *Colleton* factors and that a court may set aside an entry of default "for good cause shown," this Court sets aside the Bern Defendants' Entries of Default. The Bern Defendants assert that they did not file a motion for extension of time with this Court or timely respond to the Complaint because they did not retain local counsel until December 26, 2017.[5] (Brick Decl., ECF No. 53-2.) Mr. Brick, General Counsel for Bern Rikpa, LLP and Marc J. Bern & Partners, LLP, admits that after initially attempting to find suitable local counsel in November of 2017, he forgot to secure counsel until the Plaintiff requested an entry of clerk's default. (*Id.*) Further, the Bern Defendants assert that they have the

---

[5] Plaintiff responds that the delay was not, in fact, because Mr. Brick was attempting to retain local counsel but rather because he believed that law firms were permitted to proceed *pro se*. (ECF No. 57.)

4

meritorious defense that this Court does not have personal jurisdiction over them.[6] Taking into account the Bern Defendants' possible ground for dismissal and the Fourth Circuit's "strong preference" for disposing of claims on their merits, this Court GRANTS the Defendants' Motion to Set Aside Clerk's Entries of Default (ECF No. 53).

Accordingly, IT IS HEREBY ORDERED this 14th day of August, 2018 that the Bern Defendants' Motion to Set Aside Clerk's Entries of Default (ECF No. 53) is GRANTED. The Clerk of this Court shall transmit copies of this Order to the parties.

/s/

Richard D. Bennett
United States District Judge

---

[6] As noted *supra* note 1, currently pending before this Court is a Motion to Dismiss for Lack of Personal Jurisdiction by the other fifteen Defendants (the "Napoli Defendants"). (ECF No. 26.)

5