Law Offices
# KRAMON & GRAHAM, P. A.
One South Street
Suite 2600
Baltimore, Maryland 21202-3201

Telephone: (410) 752-6030
Facsimile: (410) 539-1269

www.kramonandgraham.com

Andrew Jay Graham
Direct Dial
(410) 347-7422
Direct Facsimile
(410) 361-8208

Also admitted in NY and DC

E-Mail
agraham@kg-law.com

January 22, 2019

**VIA ECF**
The Honorable Richard D. Bennett
District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Chambers 5D
Baltimore, Maryland 21201

      RE:   Keyes Law Firm, LLC v. Napoli Bern Ripka Shkolnik, LLP, *et al.*,
             17-cv-2972-RDB

Dear Judge Bennett:

I write on behalf of plaintiff Keyes Law Firm, LLC ("KLF") in response to Mr. Rosenberg's letter of January 11, 2019 (ECF No. 137) concerning a recent opinion from the New York State Bar Association's Committee on Professional Ethics ("NYSBA Op. 1160"). I disagree with Mr. Rosenberg's conclusions concerning the opinion and do not think it has any bearing on KLF's accounting, breach of contract, and related claims against the defendants in this matter.

As an initial matter, Mr. Rosenberg continues to ignore the Complaint's allegations (and what the evidence will show) concerning KLF's role in the underlying asbestos cases at issue. The contractual relationship between KLF and the defendants is not an "affiliation intended solely for the purpose of obtaining clients referred by the non-admitted lawyer," as was apparently the relationship presented to the New York State Bar. NYSBA Op. 1160 at ¶ 2. Rather, KLF's role includes: serving as "liaison counsel" between the defendants and another

The Honorable Richard D. Bennett
January 22, 2019
Page 2

firm specializing in asbestos bankruptcy claims who also represented the clients in prosecuting asbestos-related claims (ECF 1, ¶ 33); taking "responsibility for, among other things, consistency between assertions made (*e.g.*, concerning product identification) by the [client] in connection with Bankruptcy Claims and those made in connection with the Litigation Claims" (*id.*); and "handl[ing] other responsibilities, including communications with and responding to inquiries from the [clients] regarding the status of their claims and other client-relation issues," and providing documents to support litigation and bankruptcy claims. *Id.* It is not, as described in NYSBA Op. 1160, an agreement to make an out-of-state attorney part of a New York firm.

Second, Mr. Rosenberg's letter ignores the opinion's Rule 1.5(g) analysis. Notably NYSBA Op. 1160 reaches no conclusion about whether the proposed relationship would meet the requirements of Rule 1.5(g), which the opinion's authors acknowledge allows a lawyer to share a fee with an unaffiliated lawyer. *See* NYSBA Op. 1160, ¶¶ 5-6.[1]

Finally, Mr. Rosenberg's letter completely overlooks the context of NYSBA Op. 1160 and the New York law that makes that context outcome determinative of the pending motion here. The New York attorney who made the inquiry referred to in NYSBA Op. 1160 submitted the inquiry as to whether the proposed affiliation was proper *before* entering into the proposed affiliation. Defendants, by contrast, assert now that their agreements with KLF are not enforceable *after* entering into more than 2000 such agreements and reaping the benefits therefrom. As noted in our opposition memorandum, it is well-established that attorneys such as

---

[1] The prefatory language in the opinion that Mr. Rosenberg relies upon cites to another ethics opinion, which I have attached as Exhibit A. As Your Honor will see, the situation presented there bears no resemblance to the present case (and additionally does not support the prefatory language).

The Honorable Richard D. Bennett
January 22, 2019
Page 3

the defendants are prohibited from using "the ethical rules as a sword to render unenforceable" fee-sharing agreements to which they already assented and from which they already benefitted. *Marin v. Constitution Realty, LLC*, 71 N.E.3d 530, 533 (N.Y. 2017); *Benjamin v. Koeppel*, 85 N.Y.2d 549, 556 (N.Y. 1995) (same); *see also* Plaintiff's Memorandum in Opposition to Defendants' Motion for Judgment, ECF No. 119, § IV.B (collecting authority).

For these reasons, NYSBA Op. 1160 does not advance the defendants' argument. The Court should deny the defendants' motions for judgment.

I also wanted to alert the Court to a related case that one of the defendants recently filed in the Supreme Court for the State of New York, County of Suffolk. Defendant Napoli, Kaiser, Bern & Associates, LLP (represented by Defendant Napoli Shkolnik PLLC) has filed a complaint against KLF, its principal Mary Keyes, and Defendant Napoli, Bern Ripka Shkolnik, LLP seeking "to recover attorneys' fees and costs accrued to date, due to frivolous and malicious litigation brought against Plaintiff by KLF and Keyes. . . ." Complaint, attached hereto as Exhibit B, ¶ 1. We are currently assessing our options (and neither KLF nor Mary Keyes has been served), but wanted to make the Court aware of this development and its potential collateral effect on this case.

Respectfully submitted,

*/s/ Andrew Jay Graham*
Andrew Jay Graham

JEL
cc:     All Counsel (via ECF)