**SAUL EWING**
**ARNSTEIN**
**& LEHR** LLP

Michelle N. Lipkowitz
Phone: (410) 332-8603
Fax: (410) 332-8081
Michelle.Lipkowitz@saul.com
www.saul.com

February 26, 2019

**VIA ECF**

The Honorable Richard D. Bennett, District Judge
101 West Lombard Street
Baltimore, MD 21201

Re: *Keyes Law Firm, LLC v. Napoli Bern Ripka Shkolnik, LLP, et al.*, Civil Action No. RDB-17-2972

Dear Judge Bennett:

  Defendants, Paul J. Napoli ("Mr. Napoli") and Napoli Shkolnik PLLC, Paul Napoli Law PLLC and Napoli Law PLLC (together with Mr. Napoli, the "Napoli Defendants"); and Napoli Bern Ripka Shkolnik, LLP, Napoli Bern, LLP, Napoli, Bern & Associates, LLP, Napoli Bern Ripka, LLP, Napoli Bern Ripka Shkolnik & Associates, LLP, Law Offices of Napoli Bern, LLP, Law Offices of Napoli Bern Ripka & Associates, LLP, Law Offices of Napoli Bern Ripka Shkolnik, LLP, Law Offices of Napoli Bern Ripka Shkolnik & Associates, LLP, Napoli, Kaiser, Bern & Associates, LLP and Pasternak Tilker Napoli Bern LLP (the "Legacy Defendants"), (all collectively, the "Joint Napoli Defendants") submit this letter in opposition to the Plaintiff Keyes Law Firm's pending Motion to Compel.[1]

  The Joint Napoli Defendants have produced almost 3 million pages of responsive documents to Plaintiff, consisting of image files and load files. Contrary to Plaintiff's bald assertions, my clients produced the aforementioned documents in standard ESI format and did not strip the documents of any metadata or text prior to production but provided the documents with metadata required to facilitate review. Plaintiff objected to the production's format, claiming it was non-searchable and lacked sufficient metadata. We responded to their complaint by noting that we were willing to discuss the matter with them along with our respective IT teams. It cannot go without further noting that—as Plaintiff references in their Motion to Compel—as defunct entities, the Legacy Defendants' ESI is not maintained in active programs or databases, nor stored on active servers; rather, the ESI is stored on inactive backup Windows storage devices.

---

[1] Counsel represents Legacy Defendants, but is submitting this letter on behalf of the Joint Napoli Defendants.

500 E. Pratt Street ♦ Suite 900 ♦ Baltimore, MD 21202-3133
Phone: (410) 332-8600 ♦ Fax: (410) 332-8862

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP
34243291.1 02/26/2019

### I. Defendants are Not Required to Re-Produce Documents in Plaintiff's Requested Format.

My clients have no obligation to re-produce the documents in the manner sought by Plaintiff. Parties are required to produce ESI "in a form or forms in which it is ordinarily maintained _or_ in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii) (emphasis added). Plaintiff's displeasure with the format in which the documents were produced and refusal to bear the cost of converting them is not grounds for issuing an order compelling my clients to incur the costs associated with processing and re-producing materials they have already provided. Plaintiff is free to engage a vendor who can easily convert the documents to the form that they prefer.

In fact, my clients produced their documents in a manner similar to Plaintiff's own document production. Plaintiff produced thousands of documents on November 14, 2018 and December 19, 2018 in PDF format, with no accompanying load file, containing absolutely no metadata. In lieu of a load file, no index was provided to provide information about Plaintiff's documents, such as Custodian or Date. Thus, my clients' production provided more information than what Plaintiff produced to them.

### II. Defendants Have Produced All Accounting Information That They Have Discovered.

Furthermore, Plaintiff's request that the my clients produce Excel files and structured databases containing an accounting for the Subject Clients must be denied because it requires the them to produce documents in a format in which the documents are not maintained. On February 22, 2019, we produced accounting-related documents, totaling nearly 10,000 pages, in the manner in which they were maintained. As a result, the instant Motion to Compel is moot due to the cumulative productions to date. In the alternative, the motion should be stayed pending Plaintiff's review of these recently-produced documents, which we have consistently promised.

### III. Plaintiff's Request for Attorney Fees is Without Merit.

By filing this Motion, Plaintiff has not behaved in good-faith. Plaintiff's Motion to Compel claims that we have produced documents in an unacceptable format when, in fact, my clients have produced documents both consistent with Rule 34(b)(E)(i), "as they are kept in the usual course of business," and in a superior format than those documents produced by Plaintiff. Consistent with Rule 34(b)(E)(iii), Defendants "need not produce the same electronically stored information in more than one form." Notably, Plaintiff has hindered attempts to rectify discovery disagreements by failing to provide specific questions to be addressed by the Parties' respective IT teams. Instead of working with us to reach a resolution via precise questions and answers, Plaintiff's counsel has claimed that an insurmountable "impasse" has been reached, effectively ending any attempt to solve this dispute outside of this Court. _See_ Ex. C, Lipkowitz letter; Ex B, Gollogly email.

For the foregoing reasons, we respectfully request the Court deny Plaintiff's Motion to Compel and grant attorneys' fees incurred in preparing the instant response in opposition.

Respectfully submitted,

Michelle N. Lipkowitz