LAW OFFICES
# KRAMON & GRAHAM, P. A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201

TELEPHONE: (410) 752-6030
FACSIMILE: (410) 539-1269

www.kramonandgraham.com

DAVID J. SHUSTER

ALSO ADMITTED IN DC

E-MAIL
dshuster@kg-law.com
DIRECT FACSIMILE
(410) 361-8229

February 26, 2019

**VIA ECF**
The Honorable Richard D. Bennett, District Judge
United States District Court for the District of Maryland
101 West Lombard Street, Chambers 5D
Baltimore, Maryland 21201

RE: *Keyes Law Firm, LLC v. Napoli Bern Ripka Shkolnik, LLP, et al.*, 17-cv-2972-RDB

Dear Judge Bennett:

I write on behalf of Keyes Law Firm, LLC ("KLF") to request that this Court order the Napoli Defendants[1] to produce ESI in searchable, indexable form with metadata instead of the non-searchable, non-indexable form in which they have produced a massive quantity of data.

In August 2018, KLF served document requests that included standard definitions of "document" and "ESI." Despite numerous meetings regarding discovery, the Napoli Defendants never once objected to producing ESI in the requested, standard form.

On December 14, 2018, the Original Napoli Defendants produced 1.8 million pages of documents in non-searchable and non-indexable form with no text files and no metadata. This production is useless. KLF cannot search the documents, cannot associate attachments with emails, cannot identify when documents were created or modified, and cannot obtain basic information about the settlements, disbursements, and expenses at the core of the parties' dispute.

KLF promptly objected. The Original Napoli Defendants had initially represented that the documents were gathered by applying search terms to their data.[2] KLF noted in response to the production that because the Original Napoli Defendants identified 1.8 million pages of responsive documents from their data using *search* terms, it necessarily follows that the data are searchable and can be produced in searchable format. The Original Napoli Defendants responded that "[t]he documents were produced as they are maintained in the ordinary course," a statement that simply cannot be reconciled with the representation that the documents were searched in the first place. By converting the data on their TeraStation to page-by-page TIF files, and by excluding text files or metadata, the Original Napoli Defendants deliberately chose to make the voluminous data they produced impossible for KLF to review and analyze electronically (*i.e.*, KLF must manually review each page as though it was a physical piece of paper).

---

[1] The "Napoli Defendants" consist of all of the defendants except for Marc J. Bern and Marc J. Bern and Partners, LLP, who do not contend that they are unable to produce ESI in searchable, indexable form with metadata.
[2] The Original Napoli Defendants assert that their production was gathered from a Buffalo TeraStation, a storage device that is capable of holding data, including searchable metadata, in multiple formats. Affidavit of Blazer Catzen, attached hereto as Exhibit 1, ¶ 4.

17249/0/02926622.DOCXv1

The Honorable Richard D. Bennett
February 26, 2019
Page 2

On January 22, 2019, the Napoli Defendants served an additional 1 million pages of documents in the same, useless form as the December production. On February 22, 2019, they served another 12,000 unsearchable pages without metadata. The Successor Napoli Defendants are operating law firms. They use computers every day to send emails, draft documents, track expenses and income, and so on. It is beyond reasonable dispute that the Successor Napoli Defendants maintain ESI in searchable, indexable form with metadata. But they did not do so. Instead, the Successor Napoli Defendants converted their data to page-by-page TIF files and excluded text files and metadata. They deliberately chose to make their production impossible for KLF to review or analyze.

It would cost KLF over $50,000 to convert the documents produced by the Napoli Defendants to searchable form. But even then KLF would be unable to link families of documents together and would have no metadata. There is no reason that KLF should incur such an expense to obtain less than what the Napoli Defendants indisputably possess and could easily produce—the data in native, searchable, and indexable form, with text files and metadata.

KLF has retained an ESI expert, who confirms six unremarkable facts: (i) the productions described above have little value and are inconsistent with standard practice; (ii) if it was possible to search data to determine what to produce, then the statement that the documents are maintained in non-searchable, non-indexable form "in the ordinary course" is not credible; (iii) the emails in the December 2018 production appear to be JPG files that were originally from Microsoft Outlook and could have been exported in industry standard (PST) format; (iv) it would be extremely unusual for a business like a law firm to maintain documents or emails on its server in a non-searchable, non-indexable form; (v) there is no reason that documents would be maintained on a Buffalo TeraStation in any different form from the way they are maintained on any other server; and (vi) it is extremely unusual to produce a DAT load file without any information other than the beginning and ending Bates numbers. *See* Catzen Declaration, ¶ 7. In response, the Napoli Defendants' Chief Technology Officer asserts that metadata *was* provided with the December and January productions. That is demonstrably false. As shown in the screen shots contained in Mr. Catzen's declaration, the only data provided in the DAT files were the beginning and ending bates numbers for each document. This is data that is generated in the course of production for litigation; it is not metadata within the meaning of this District's ESI principles. *See id.*, ¶ 7(5).

Finally, the Napoli Defendants attempt to deflect attention from their failure to produce useable ESI by comparing it to the production thus far by KLF of its *non*-ESI files in response to the Successor Napoli Defendants' narrow (and only) requests for documents—correspondence subsequent to October 2017 between KLF and the Subject Clients. To state the obvious, there is no metadata to produce with the scans of the hard copy letters that have been exchanged between KLF and the Subject Clients. And all have been produced to the defendants in searchable form.

We are happy to make the correspondence and briefing already exchanged by the parties on these issues available to the Court if that would be helpful.

Respectfully submitted,

*/s/ David J. Shuster*

David J. Shuster