# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| KEYES LAW FIRM, LLC | * |
| | * |
| Plaintiff | * |
| | * |
| v. | *     Case No.: 1:17-cv-02972 |
| | * |
| NAPOLI BERN RIPKA SHKOLNIK, LLP, et al. | * |
| | * |
| Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DECLARATION OF BLAZER CATZEN IN SUPPORT OF KEYES LAW FIRM, LLC'S MOTION TO COMPEL PRODUCTION OF SEARCHABLE AND INDEXABLE ESI

I, Philip Blazer Catzen, hereby declare as follows:

1. I am a competent witness in this matter, and I make this declaration of my own personal knowledge or with the understanding explicitly noted below.

2. I am the Principal of Catzen Forensics, and have over 30 years of IT consulting and over 11 years of digital forensics expertise. In the course of that experience I have reviewed hundreds of productions of electronically stored information ("ESI"), made in the course of litigation. I have been retained by Kramon and Graham, PA on behalf of the Keyes Law Firm, LLC, to assist with discovery and related ESI issues in this matter.

3. I have been advised and informed by Counsel and Counsel's in-house litigation support personnel that:

    a. On December 14, 2018, a group of defendants referred to as the "Original Napoli Defendants," represented by Saul Ewing, produced ESI in two folders, and that

the data contained in those folders was collected from a Buffalo TeraStation. The total number of pages that should have been provided on December 14, 2018 was 1,845,285 pages.

b. The first folder contained in this production held two different sets of documents, labeled "emails" and "Closing Letters". The emails were page-by-page .tif and .jpg files Bates numbered NBRS_0000001-NBRS_0617069. Both a .dat and an .opt load file were present in the emails folder. The .dat file contained a Production::Begin Bates field and a Production::End Bates field. The Closing Letters were page-by-page .tif and .jpg files Bates numbered NBRS_617070-NBRS_0619026. Both a .dat and an .opt load file were present in the Closing Letters folder. The .dat file contained a Production::Begin Bates field and a Production::End Bates field. No other metadata was present in the .dat file. Additionally, the production contained no text files or native, and the individual files were not text searchable.

c. The second folder contained two subfolders, one subfolder named 008 and one folder named Data. The 008 folder contained page-by-page .tif and .jpg files Bates numbered NBRS_1487327-NBRS_1609806. The Data folder contained a .dat file and an .opt file. The .dat file contained a Production::Begin Bates field and a Production::End Bates field. No other metadata was present in the .dat file. There were no text files or native files provided with the production, and the individual files were not text searchable. There is indication in both the .dat and .opt files that this folder should have contained subfolders named 001-009; but the download contained only 008. Subfolders 001-007 and 009 were not provided.

4.      I further understand that defense counsel represented in a meet and confer that the production was a result of a "search" of the Buffalo TeraStations. I have been using Buffalo TeraStations in my businesses for over 15 years and I am very familiar with the TeraStations' capabilities. While these capabilities will be dependent on both the model of the device and the Operating System running on the device, TeraStations (XL Model) have a feature named "TeraSearch." This function, as the name suggests, allows searching based on an index generated by the TeraStation and updated daily at a user specified time. This feature is disabled by default. A screenshot showing the interface is included below (I have redacted personally identifiable information from this screenshot).





This functionality was discontinued by Buffalo after the XL series.

5.  I was advised by Counsel and Counsel's litigation support personnel that on January 22, 2019, a second group of defendants, referred to as the Successor Napoli Defendants and represented by Rosenberg Martin Greenberg, made a production of files collected from the server of the law firm (and defendant) Napoli Shkolnik. This production contained one folder named File_Prod. That folder contained 230 subfolders, each subfolder containing page-by-page .tif and .jpg files Bates numbered RMG_0000001 to RMG_0952927. Both a .dat and an .opt load file were also provided. The .dat file contained a Production::Begin Bates field and a Production::End Bates field. No other metadata was present in the .dat file. Again, no text files

or native files were provided with the production, and the individual files were not text searchable.

6. When I inquired about the state of the documents as stored in the "ordinary course of business," I was advised that the Defendants represented that the production reflects the format of the documents as maintained in the ordinary course of business.

7. Based on this understanding of the productions and my years of working in the field of computer forensics, I have the following opinions:

<u>First</u>, the production of approximately 2.8 million pages of non-indexable and non-searchable data has limited value and is inconsistent with standard practice. While this data could be OCR'd at a cost of tens of thousands of dollars to make it searchable, that process would still not give the user the ability to group the documents in families or address the lack of both filesystem and document internal metadata. Furthermore, OCR is not as reliable as text based documents since OCR is only as good as the image from which it is working. The absence of any metadata (file system or internal), path information or inclusion of common email fields is at best, an irregular oversight and is at worst, purposely evasive.

<u>Second</u>, if it was possible to search data for the purpose of determining what to produce, whether using the Tera Search functionality or the search functionality of a third party tool, then the statement that the documents are maintained in non-searchable, non-indexable form "in the ordinary course" lacks credibility. This becomes even more apparent when reviewing the production of the email (I inspected 2 emails) that clearly appear to be JPGs (scans or photos) of

emails whose original format appears to be from Microsoft Outlook. Even if the user was accessing their email from web based Office 365, that platform offers search and production in industry standard (PST) format. Thus, this defendant could have exported responsive files in a PST format. Other web-based mail platforms offer similar native format export capability.

Third, in my experience it would be extremely unusual for a professional services company like a law firm to maintain documents or emails on its server in a non-searchable, non-indexable form. Most of the law firms that I have worked with generate and maintain MS-Word documents or other native forms of word processing software documents and as noted above, no business maintains emails in a JPG format.

Fourth, there is no reason that documents would be maintained on a Buffalo TeraStation in any different form from the way they are maintained on a server. It is merely another means of storing data. Furthermore, there are numerous tools capable of performing a "forensic grade" collection of data from a TeraStation such that all file system metadata is preserved. Specifically I did perform a collection test using a free tool by AccessData named "FTK Imager" versions 3.4 and the newer version 4.2.

Fifth, That a ".dat" file, often referred to as a load file, would only contain Bates numbers and provides no other information to allow: grouping by path; grouping by type; file names and file system dates (created and modified) dates; email senders; email recipients; and email domain names, custodians etc. -- all basic information that in my experience is generally included. To produce a

.dat file of Bates Numbers only is so unusual that this is the first time I have ever encountered this situation in an ESI production. Below is a screenshot of the data provided in one of the ".dat" files.

```
þProduction::Begin BatesþþProduction::End Batesþ
þNBRS_0619027þþNBRS_0619027þ
þNBRS_0619028þþNBRS_0619029þ
þNBRS_0619030þþNBRS_0619032þ
þNBRS_0619033þþNBRS_0619045þ
þNBRS_0619046þþNBRS_0619047þ
þNBRS_0619048þþNBRS_0619049þ
þNBRS_0619050þþNBRS_0619051þ
þNBRS_0619052þþNBRS_0619086þ
þNBRS_0619087þþNBRS_0619157þ
```

Obviously, all this provides is beginning and ending Bates numbers.

This is an ongoing investigation and I reserve the right to amend and append any opinions expressed herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of January, 2019.

P. Blazer Catzen