Law Offices
# KRAMON & GRAHAM, P.A.
One South Street
Suite 2600
Baltimore, Maryland 21202-3201
telephone: (410) 752-6030
facsimile: (410) 539-1269

www.kramonandgraham.com

Jean E. Lewis
Direct Dial
(410) 347-7409

Also Admitted in CA

E-Mail
jlewis@kg-law.com
Direct Facsimile
(410) 361-8213

April 16, 2019

**VIA ECF**
The Honorable Richard D. Bennett, District Judge
United States District Court for the District of Maryland
101 West Lombard Street, Chambers 5D
Baltimore, Maryland  21201

RE: *Keyes Law Firm, LLC v. Napoli Bern Ripka Shkolnik, LLP, et al.*, 17-cv-2972-RDB

Dear Judge Bennett:

The core issue in this contract/accounting case is how much the Napoli Defendants[1] have collected on behalf of the more than 2,000 clients ("Subject Clients") that KLF referred to defendants.  But, the Napoli Defendants refuse to account for those funds.  They insist now that they do not track this kind of information, that documents showing what they collected on behalf of any specific client "do not exist," that they do not have copies of checks or evidence of payment from the underlying defendants who paid them, and that they store all of their documents in paper and pdf format.

This is false.  As demonstrated in the attached spreadsheet, the Napoli Defendants track settlements much in the same manner that plaintiff firms across the country do, identifying clearly the payor, the payee, the amount paid, the amount deducted for fees, the amount deducted for expenses, and the amount paid to the client. *Ex. A*.  Mr. Napoli has admitted exactly that in a sworn affidavit, *Ex. B*, Napoli Affidavit, ¶¶ 5, 7–10 (attesting that he identified, to the penny, the settlement amounts, total costs, and total attorneys' fees for one Subject Client, "[b]ased on a review of [his] files and *settlement database*") (emphasis added), and the Napoli Defendants' own documents confirm the same. *See, e.g.*, *Ex. C*, Mr. Napoli's email to employee Will Bode ("please run me an expense report to review."); *Ex. D*, Napoli employee's email explaining expenses charged to a client ("That miscellaneous entry is our summary of client costs in quickbooks.  We can provide him a breakdown."); *Ex. E*, Client Settlement Statements with QuickBooks Cost Rider; *Ex. F*, Mr. Napoli's email to Ms. Keyes ("Our system will be based on an algorithm we developed.  We will be able to handle ten thousand cases in short order[.]"); *Ex. G*, Napoli email to his Director of Database Management requesting a list of Keyes-referred settlements.

The problem, however, is that the *Ex. A* spreadsheet concerns Napoli's relationship with a *different* law firm, tracking payments made on behalf of *different* clients.  Outside of a spreadsheet showing settlements entered into a single month, *see Ex. G*, the Napoli Defendants have not produced any spreadsheets tracking the amounts paid to them on behalf of the Subject Clients.  They maintain in this lawsuit that "no such documents exist."

---

[1] The Napoli Defendants are all defendants in this action not represented by counsel of record William N. Sinclair.

17249/0/02969115.DOCXv1

The Honorable Richard D. Bennett
April 16, 2019
Page 2

But the Napoli Defendants are ethically bound to account for funds received on behalf of their clients. *See*, *e.g*, NY Rule of Prof. Conduct 1.15(c)(3), (d)(1), (d)(3). Moreover, the Napoli Defendants must have a fair and ethical means of allotting bulk settlements they receive on behalf of multiple clients. For example, KLF recently learned that the Napoli Defendants received a total of $4,650,000 from ten (10) defendants to settle the claims of 527 separate clients. *See Ex. H*, Letter from Napoli attorney to Subject Client. That letter does not appear *anywhere* in the Napoli Defendants' electronic production; nor is there any document from which it can be determined how many other Subject Clients were entitled to funds from this or other group settlements. Yet, the 2017 letter states on its face that "[a] disclosure of the allocations of all of the 527 claims is available at our office for review." *Id.* A Napoli lawyer sent this on November 17, 2017—more than a month *after* KLF filed the instant action. Plainly, hundreds of versions of this letter to the 527 claimants, and spreadsheets showing the allocation among them, must exist.

The Successor Napoli Firms' production (Bates-prefix "RMG") is particularly dismaying. Despite the fact that these are active, operating firms, the production includes no emails, no spreadsheets, and no metadata concerning the document custodians of the produced documents. And none of the defendants has produced the requested source documents, including settlement checks, expense receipts, and related accounting and banking records, from which an accounting can be constructed and verified.

Given this Court's clear admonitions during the February 28, 2019 teleconference and resulting Letter Order (ECF 152), and because the information sought by KLF is undeniably discoverable, KLF had hoped that the Napoli Defendants would produce this information in the required form. Indeed, the Napoli Defendants' counsel agreed in August 2018 that they would work with their clients to provide an accounting; similarly in October 2018 they asserted in their Answers to Interrogatories that their document production would provide KLF with sufficient information to determine the amount recovered on behalf of each Subject Client. *Ex. I*, Ans. to Int., Nos. 6 and 7. That did not happen. In addition to failing to produce the required ESI, the Legacy Napoli Defendants have failed to answer interrogatories due on April 4, 2019; despite reminders they have not even offered a reason for their failure to respond. Similarly, two of the Legacy Napoli Defendants have not filed an answer to the Amended Complaint (due March 13 and 19, respectively), again, despite repeated reminders.

KLF requests an Order (proposed form attached hereto) that the Napoli Defendants be compelled to produce (i) reports showing all funds collected on behalf of the Subject Clients and all disbursements from such funds, including for fees, expenses, and net payments to the clients; (ii) all documents relating to payments made to the Napoli Defendants on behalf of the Subject Clients, including copies of checks from the paying defendants in the underlying cases; and (iii) all other source documents from which an accounting can be constructed and verified.

We apologize for the multiple exhibits, but felt it was important to provide the Court with the factual basis for this letter request give the serious assertions included herein. We are happy to make the extensive correspondence and briefing already exchanged by the parties pursuant to Local Rule 104.8 available to the Court if that would be helpful.

Respectfully submitted,

*/s/ Jean E. Lewis*

Jean E. Lewis

17249/0/02969115.DOCXv1