FILED ___ ENTERED
LODGED ___ RECEIVED

APR 18 2019

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Keyes Law Firm, LLC     *

    Plaintiff     *

vs.     *     CIVIL ACTION NO. RDB-17-2972

Napoli Bern Ripka Shkolnik, LLP, et al.     *

    Defendants     *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM & ORDER**

Plaintiff Keyes Law Firm, LLC ("Plaintiff" or "Keyes"), an asbestos litigation firm in Baltimore, Maryland, brings this action against two lawyers, Paul J. Napoli ("Mr. Napoli") and Marc J. Bern ("Mr. Bern"), and sixteen law firms with which they have been affiliated. Messrs. Napoli, Bern, and the defendant law firms are all based in New York. Keyes alleges that its principal, Mary Keyes ("Ms. Keyes"), entered into association agreements with Mr. Napoli and Mr. Bern on behalf of their firm Napoli Bern Ripka Shkolnik, LLP ("NBRS") and ten other law firms which collectively make up the "Partnership." Pursuant to these agreements, Keyes and an associated Bankruptcy Firm referred thousands of Maryland clients with asbestos-related claims to NBRS. In the event that the clients prevailed, Keyes, the Bankruptcy firm, and NBRS were to divide any contingency fees earned.

After Mr. Napoli and Mr. Bern split as law partners, the Plaintiff alleges that the association agreements were assigned to Mr. Napoli, Mr. Bern, or firms that Mr. Napoli or Mr. Bern formed after their termination as partners. Plaintiff complains that, since these assignments, Defendants have failed to meet their contractual obligations. As of October

2016, Defendants have allegedly stopped making payments required by the association agreements.

For ease of reference, this Court refers to the Legacy Defendants as the law firms prior to the split of Mr. Napoli and Mr. Bern, which include: Napoli Bern Ripka Shkolnik, LLP; Napoli Bern, LLP; Napoli Bern & Associates, LLP; Napoli Bern Ripka & Associates, LLP; Napoli Bern Ripka, LLP; Napoli Bern Ripka Shkolnik & Associates, LLP; Law Offices of Napoli Bern, LLP; Law Offices of Napoli Bern Ripka & Associates, LLP; Law Offices of Napoli Bern Ripka Shkolnik LLP; Law Offices of Napoli Bern Ripka Shkolnik & Associates LLP; Napoli, Kaiser, Bern & Associates, LLP; and Pasternack Tilker Napoli Bern LLP. This Court refers to the Napoli Defendants as Mr. Napoli and the law firms associated with him after the split: Napoli Shkolnik PLLC; Napoli Law PLLC; Paul Napoli Law PLLC; and Paul J Napoli. This Court also refers to the Bern Defendants as Mr. Bern and the law firms associated with him after the split: Marc J. Bern & Partners LLP; and Marc Jay Bern. Collectively, the Legacy Defendants, the Napoli Defendants, and the Bern Defendants, are referred to simply as Defendants.

On February 12, 2019, after a telephone conference on the record, this Court denied Defendants' Motions for Judgment on the Pleadings (ECF Nos. 113, 116, 117), and granted Keyes' Motion for Leave to File First Amended Complaint (ECF No. 125). (Ltr. Order, ECF No. 144.) Keyes' First Amended Complaint (ECF No. 145) was filed on February 13, 2019, which, among other things, removed Bern Ripka LLP as a Defendant, added Napoli Bern

Ripka, LLP, and corrected the name of Napoli Bern Ripka & Associates, LLP. Defendants have Answered (ECF Nos. 154-169, 183, 184).[1]

On February 26, 2019, the parties filed letters with this Court seeking resolution of a discovery dispute. (ECF No. 148, 149.) A telephone conference was held on February 28, 2019, and a Letter Order (ECF No. 152) was issued the same date, ordering the following:

> 1. Defendants SHALL PRODUCE the requested ESI in a searchable, indexable form with metadata;
>
> 2. The Parties' joint request to revise the Scheduling Order as set forth in the proposed Revised Scheduling Order (ECF No. 147) is GRANTED;
>
> 3. Mindful that a bench trial in this case is firmly set to begin on December 9, 2019, Defendants SHALL NOTIFY this Court of the date by which it will comply with this Order.

(Ltr. Order 2, ECF No. 152.)[2] Since that time, attorneys Benjamin Rosenberg, Jeffrey M. Lichtstein, J. Teigen Hall, and Rosenberg Martin Greenberg, LLP, have moved for leave to withdraw their appearance as counsel for the Napoli Defendants. (ECF No. 173.) As of this date, by separate Order, that motion was granted.

On April 10, 2019, Keyes filed a letter with this Court and indicated that the Napoli Defendants had not complied with this Court's February 28, 2019 Order (ECF No. 152) and requested another telephone conference to resolve discovery disputes. (ECF No. 176.) The requested telephone conference was scheduled for today at 11:00 a.m., and letters were filed by the parties regarding the dispute. (*See* ECF Nos. 177-181.) This morning, new counsel for

---

[1] Legacy Defendants, Napoli Bern Ripka & Associates, LLP, and Pasternack Tilker Napoli Bern LLP, had not filed their Answers prior to today's telephone conference, but they were filed this afternoon. (ECF. Nos. 183, 184.)

[2] In Defendants' Answers to the Plaintiff's First Amended Complaint, a jury trial was requested. This Court has updated the trial calendar from a bench trial to a jury trial, commencing on December 9, 2019.

3

the Napoli Defendants filed his appearance and attended the telephone conference, although he was understandably unable to provide substantive responses to the Napoli Defendants' discovery production.

Keyes asserts that the Napoli Defendants have collected fees on behalf of the more than 2,000 clients ("Subject Clients") that had been referred to Defendants, but the Napoli Defendants have not fully complied with this Court's Order to provide the discovery documents that accounts for the funds. (ECF No. 178.) Keyes provided this Court with sample evidence that, regardless of the Napoli Defendants insistence that they do not track this kind of information, it is clearly apparent that they do. (*See, e.g.*, Napoli Ltr., ECF No. 179-8.) Moreover, law firms such as the Napoli Defendants are ethically bound to account for funds received on behalf of their clients, and practically speaking, they must account for receipts and distributions from client accounts. Neither the Legacy Defendants nor the Napoli Defendants, although they have produced further documentation in a searchable format since this Court's prior Order, have fully complied with all Subject Client information.

Therefore, this Court Orders Defendants to fully comply with this Court's Order (ECF No. 152), as further clarified herein, or show cause why they should not be found in contempt of Court for failing to comply with this Court's Orders.

For the foregoing reasons,

1. Defendants shall demonstrate their full compliance with this Court's Order (ECF No. 152) no later than May 1, 2019 at 5:00 p.m. ET, specifically including:

    a. Reports showing all funds collected on behalf of the Subject Clients and all disbursements from such funds, including for fees, expenses, and net payments to the clients;

    b.     All documents relating to payments made to the Napoli defendants on behalf of the Subject clients, including copies of checks from the paying defendants in the underlying cases; and

    c.     All other source documents from which an accounting can be constructed and verified.

2. Plaintiff and Defendants shall provide a Joint Status Report to this Court no later than 5:00 p.m. ET on May 1, 2019 indicating whether there has been full compliance with this Court's Order by that time.

3. Should Defendants fail to fully comply with ¶ 1 hereof, each Defendant, individual Defendants in person, and corporate Defendants by counsel, shall appear in Courtroom 5D of the United States Court House in Baltimore, Maryland on Thursday, May 2, 2019 at 11:00 a.m. ET to show cause why said Defendant should not be held in civil contempt and subject to sanctions.

Dated: April 18, 2019.

_____
Richard D. Bennett
United States District Judge