IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| KEYES LAW FIRM, LLC, | * |
| Plaintiff, | * |
| v. | *   Case No.: 1:17-cv-02972-RDB |
| NAPOLI BERN RIPKA SHKOLNIK, LLP, *et al*., | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF KEYES LAW FIRM, LLC'S MOTION TO STRIKE CERTAIN EXHIBITS TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Keyes Law Firm, LLC ("KLF"), by its undersigned counsel, moves to strike certain exhibits submitted in support of the Defendant's October 11, 2019 motions for summary judgment. Specifically, Plaintiffs move to strike: (1) the Napoli Defendants' Exhibit 1 ("Napoli Exhibit 1") (ECF 261-1); (2) Defendant Napoli Bern Ripka Shkolnik, LLP ("NBRS")'s Exhibit 11 ("NBRS Exhibit 11") (ECF 257-11); and (3) an affidavit by attorney Michelle N. Lipkowitz, Esquire ("Lipkowitz Affidavit"), which was cited in both the Legacy Defendants' NBRS's motions for summary judgment (ECF 260 and 257) but was not actually filed or served on KLF.

With the October 25, 2019 deadline fast approaching for KLF to respond to Defendants' motions and to file its cross-motion for summary judgment, and to avoid the unfair prejudice of having to respond to exhibits that were improperly submitted with the Defendants' motions, KLF is filing a motion to shorten Defendants' time to respond to the instant motion to Monday October 21, 2019.

**I.      Introduction**

In its opposition to Defendants' motions for summary judgment, KLF will address the paucity of competent evidence Defendants have supplied to support their motions. KLF moves now to strike the above-identified exhibits because they should not be considered as part of the summary judgment record and because KLF should not be required to respond to them in light of the history of this case and as a matter of fairness.

Despite this Court's previous discovery orders, and despite Defendants' assertions that they produced millions of pages of documents in discovery in this case, Defendants nevertheless chose to rely in their motions for summary judgment on documents and information that were not produced until after the discovery deadline or not at all. As detailed below, much of the information was not delivered to KLF until October 10 (in eight separate productions consisting of more than 14,000 pages), the eve of the dispositive motions deadline. Given Defendants' history of discovery abuses, one can only conclude this was all by design. Defendants have deprived KLF of any meaningful opportunity to challenge or analyze the information. The purpose of the next two weeks is for KLF to prepare oppositions to Defendants' dispositive motions and prepare KLF's own dispositive motion — not to be forced to review a massive amount of untimely provided documents that should have been produced months ago. The prejudice is particularly acute because there is only a very brief period of time before trial, which is set to begin December 9.

Napoli Exhibit 1 – which comprises thirteen of the fourteen boxes of paper exhibits received from defense counsel on October 15, 2019 – appears upon preliminary review to contain documents that were produced weeks after the close of discovery and on the eve of filing the motion for summary judgment, including in the October 10 productions, or that were not produced at all. Also, Napoli Exhibit 1 is inadmissible because the Napoli Defendants have not

offered this exhibit (and, at this stage of this case, cannot offer this exhibit) through any sponsoring witness who could potentially authenticate the documents or information contained therein or even explain how the documents or information were identified, gathered, or compiled.

NBRS Exhibit 11, an August 8, 2014 e-mail from Patrick Haines to Brad Smith, Ethan Horn, and Marc Bern, despite its prominent placement in NBRS's motion, was never produced to KLF, an omission that is particularly prejudicial given the e-mail's inconsistency with the September 26, 2019 deposition testimony of Napoli witness Patrick Haines.

The Lipkowitz Affidavit, to the extent it even exists, was cited in both NBRS's and the Legacy Defendants' motions for summary judgment but still has not been provided to counsel for KLF or, presumably, to the Court.

The foregoing, unfortunately, is par for the course for these Defendants. There is nothing inadvertent or justifiable about Defendants' discovery misconduct (which continues even after the discovery deadline), and the unfair prejudice to KLF is manifest. KLF respectfully requests that this Court strike these exhibits.

## II.    The Exhibits at Issue

Napoli Exhibit 1 is a massive exhibit. When printed out it consists of thirteen boxes of paper. As set forth in the Declaration of Jean E. Lewis, Esquire, attached hereto as Exhibit 2, submitted contemporaneously herewith, this exhibit appears to consist of 2,174 separate subfolders related to the Subject Clients in this matter. A review of just the first ten subfolders contained in Napoli Exhibit 1, compared against the production log undersigned counsel have maintained, reveals that nine out of those ten subfolders contain documents that Defendants produced on October 10, 2019, two weeks after the close of discovery and the day before the

Defendants' dispositive motions were due. *Id.* Even more concerning, *four* out of those first ten subfolders appear to contain documents that have never been produced in this matter. *Id.* The Napoli Defendants describe Exhibit 1 as follows, in a footnote to their motion for summary judgment:

> As Exhibit 1, the Moving Parties have assembled 2,174 sets of files, and assigned those files the "AA" Number assigned to the Subject Client by the Plaintiff in Exhibit 1 to its Complaint.

ECF 261 at 2 n.1 Although KLF has not examined all of the files that comprise Exhibit 1 – nor should they be expected to do so, given their sheer volume and the beyond-late date of delivery – the Napoli Defendants' description of these documents and preliminary review of the first ten subfolders shows KLF indeed requested these documents in discovery.[1]

NBRS Exhibit 11 purports to be an August 10, 2014 e-mail from Patrick Haines to Brad Smith, Ethan Horn, and Marc Bern. In the purported e-mail, Mr. Haines said he "[j]ust had a

---

[1] *See, e.g.*, Defendants' October 9, 2018 Responses to Plaintiff's First Request for the Production of Documents:

> **REQUEST NO. 15:** For each Subject Client, any and all documents identifying: (a) the total amount of that client's Recoveries; (b) the source *(i.e.,* the paying Asbestos Defendant), date, and amount of each payment comprising the Recoveries; (c) all persons (including but not limited to the Subject Client, any law firm or lawyer (including yourself), and any third party)) that received any disbursements from any part of the Recoveries; and (d) the dates and amounts of and the person making each such disbursement. This request includes, but is not limited to: settlement or distribution memoranda; copies of checks (or wire transfer confirmation receipts and communications); and Bank Account records; correspondence to Subject Clients identifying or describing any Recovery and distribution of funds therefrom).
> **RESPONSE:** Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants will produce relevant, responsive, non-privileged documents in Defendants' possession, custody, or control.

long talk" with Jonathan David regarding Mr. David's apparent wish that "nobody gets deposed and we basically shut down the cases [rather] than risk a Rico action."[2] This e-mail (if it is even authentic in the first place) seriously undermines Mr. Haines's September 26, 2019 deposition testimony, where he denied speaking with Mr. David directly on this subject and that his knowledge was based on "rumor and innuendo":

> Q  Are you -- do you have knowledge of Mr. David being indicted?
> A  No.
> Q  Okay. If somebody said that, would you ask them what their basis for that was?
> A  **I know that he was -- obviously, I didn't have this conversation with him directly**. But I know that what we heard, that he was in fear of being either indicted or sued in a RICO suit because Waters & Kraus, who he had done bankruptcy work for, was, in fact, sued in a RICO lawsuit --
> Q  Okay.
> A  -- by the asbestos bankruptcy trusts.
> Q  And the concern is people who were in those firms needed to worry about being ensnared in those RICO suits?
> A  Or the people that were doing the work with those firms. The allegation in the RICO lawsuits were that the bankruptcy claims were somehow being manipulated to the detriment of litigation defendants. Okay? The person that was doing the bankruptcy claims in that situation was Jonathan David. I know that he was deposed in that RICO lawsuit.
> Q  Okay. Of course, you're being deposed here and nobody is indicting you, right?
> A  Correct. But I also didn't move to Israel, because the word on the street was is he can't be extradited. **These are just rumor and innuendo**. You're asking me. I'm telling you.

*See* **Ex. 1**, Haines Depo. Tr. at 159-61 (emphasis added). The email is directly responsive to KLF's discovery requests.[3]

---

[2] Napoli has attempted to inject, as a defense against payment, the subject matter of the e-mail. Although Napoli's allegations are false and baseless, and have no bearing on Defendants' debt obligations in this case, to the extent Defendants had planned to pursue the subject, they were required to produce this email.

[3] *See, e.g.*, NBRS's October 9, 2018 Answers to Interrogatories:

> **INTERROGATORY NO. 3.** If you intend to rely upon any documents, electronically stored information, or tangible things to support a position that you

KLF does not know the contents of the Lipkowitz Affidavit, which was referred to in NBRS's and the Legacy Defendants' motions for summary judgment numerous times, *see* ECF 260 at 5, 7 n.2, 8, 11, 18, 20, 31, 35; ECF 257 at 4-7, but which has not been provided to KLF (or, presumably, the Court).

## III.   Applicable Law

Federal Rule of Civil Procedure 37(c)(1) is clear:

> **(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.[4]

Rule 26(e) requires, among other things, that "[a] party … who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its

---

have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents, electronically stored information, and tangible things, and identify all persons having possession, custody, or control of them.

**ANSWER:** NBRS objects to this Interrogatory to the extent it calls for the disclosure of the mental impressions of legal counsel for NBRS, or of information protected by the attorney-client privilege, the work product doctrine, legal privileges recognized by applicable governing law, or any other applicable privileges and immunities. Without waiving these objections, NBRS states that documents on which it intends to rely include, but are not limited to: the association agreements at issue, their prior iterations, and correspondence regarding the drafting of same; the Special Administrator Orders at issue, their prior iterations, and correspondence regarding the drafting of same; financial documentation evidencing amounts of settlements; and correspondence between NBRS and KLF regarding the calculation and payment of fees. **NBRS further states that it will produce documents relevant to this Interrogatory in response to Plaintiff's Requests for Production of Documents.** NBRS reserves the right to supplement this Answer as Discovery progresses.  (emphasis added).

[4] The Court also has the discretion to impose additional or other sanctions, including an award of attorneys' fees, informing the jury of the failure to disclose, or imposing "other appropriate sanctions."  Fed. R. Civ. P. 37(c)(1).

disclosure or responses" in a timely manner or "as ordered by the court." Fed. R. Civ. P. 26(e)(1).

"Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules," or that the non-disclosing party acted "otherwise culpably." *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) (affirming exclusion of expert opinion under Rule 37(c)(1)). The burden is squarely upon "the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 37(c)(1)] was either justified or harmless." *Id.* (quoting *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001)); *see also Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (affirming exclusion of expert witness under Rule 37(c)(1)). In determining whether a failure timely to disclose evidence is substantially justified or harmless, the Court "should be guided by" the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States*, 318 F.3d at 597. In view of the broad discretion afforded to district courts in this area, the Court is not required to address each one of these factors in its analysis, *Wilkins*, 751 F.3d at 222, though all five factors weigh in favor of exclusion of the offending evidence or other sanctions in this case. *See also Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329-30 (4th Cir. 2011) (finding no abuse of discretion where court struck affidavit submitted in opposition to motion for summary judgment by affiant who was not disclosed as a potential witness).

Judges in this District have struck exhibits to motions for summary judgment that consist of documents or information not disclosed in compliance with Rule 26(e) or the Court's

discovery orders. In *Sanchez Carrera v. EMD Sales, Inc.*, ___ F. Supp. 3d ___, No. JKB-17-3066, 2019 WL 3946469 at *4-5 (D. Md. Aug. 21, 2019), for example, the Court struck three exhibits that were responsive to the plaintiffs' discovery requests but were not disclosed until the defendants filed their motion for summary judgment. In *United States ex rel. Rangarajan v. Johns Hopkins Health Sys. Corp.*, 262 F. Supp. 3d 259, 275-77 (D. Md. 2017), *aff'd sub nom. Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218 (4th Cir. 2019), *cert. denied*, 139 S. Ct. 2762 (2019), the Court dismissed a plaintiff's claims where documents provided for the first time in opposition to the defendant's motion for summary judgment revealed that the plaintiff had not produced thousands of responsive documents in discovery.

**IV.     Argument**

All of the five factors the Fourth Circuit has set forth as "guides" weigh in favor of striking the Napoli Defendants' Exhibit 1, NBRS's Exhibit 11, and the Lipkowitz Affidavit (to the extent that affidavit exists). Defendants cannot prove their failure to provide these documents during the discovery period was "substantially justified" or "harmless," as Fed. R. Civ. P. 37(c)(1) requires, and, accordingly, Defendants should not be permitted to rely on these documents in support of their motions for summary judgment.

> **A.     Napoli Exhibit 1 and NBRS Exhibit 11 should be excluded because they were not timely disclosed.**
>
> **1.     The undisclosed documents present surprise to KLF.**

As detailed above, the thirteen boxes of documents comprising or supporting Napoli Exhibit 1 contain documents that were not produced until weeks after the close of discovery in this case, on the eve of Defendants' dispositive motions deadline, or were not produced at all until the filing of Defendants' motions. Specifically, an initial sampling reveals that, out of the first ten of 2,174 subfolders in Napoli Exhibit 1, nine out of those ten subfolders contain

documents that Defendants produced on October 10, 2019, and four out of those first ten subfolders appear to contain documents that have never been produced in this matter.  *See* Lewis Declaration.  Although these thirteen boxes also may contain documents that were produced in discovery, KLF should not be required to examine all thirteen boxes at this late date to make that determination.  NBRS Exhibit 11 has never been produced in this matter.

### 2. KLF cannot cure this surprise.

At this stage of the proceedings, with less than two weeks remaining before KLF must oppose Defendants' motions for summary judgment and file its own cross-motion, and less than two months before trial, there is no way for KLF to cure the surprise created by Napoli Exhibit 1 and NBRS Exhibit 11.  Curing this surprise would mean analyzing the meaning of the thirteen boxes of documents comprising these exhibits and evaluating their effect, including by obtaining further expert analysis.  It also would mean conducting additional discovery, such as an additional deposition of whatever witness may have personal knowledge of Napoli Exhibit 1 and how it was compiled and of the information set forth in the documents it contains, and of Patrick Haines.  If KLF had had access to NBRS Exhibit 11 at the time of Mr. Haines's deposition, KLF's counsel certainly would have pursued a different deposition strategy, questioned Mr. Haines regarding the document, and, at the very least, asked additional questions concerning the issues it raises.  There is simply no time for KLF to perform this additional analysis or conduct this additional discovery, and it would be unreasonable to expect KLF to do this in the time remaining before summary judgment briefing closes or before trial.

### 3. Allowing this evidence would disrupt the trial schedule in this case.

To fully cure the prejudice Defendants' discovery misconduct has created would require a significant extension to the existing summary judgment briefing or trial schedules.  KLF does not

seek any extension of that schedule or postponement of the trial.  Experience suggests that Defendants would continue producing documents or information that they have withheld in discovery during any such extension, further compounding the problem.  The only fair option in this situation is for the case to proceed on its current schedule but for the Court to exclude the evidence Defendants chose not to provide during the discovery period.  Otherwise, Defendants would profit by their misconduct by forcing unfair prejudice upon KLF – in the form of having to undertake compressed analysis of this material during the little remaining, valuable time before trial, which should be spent preparing for trial based on the facts disclosed in discovery according to the Rules and this Court's orders – or by imposing unwarranted inconvenience on KLF, the witnesses, and the Court by forcing a postponement of the trial, which KLF does not request.

## 4. The evidence is not admissible and also not important.

As will be explained more fully below, neither Napoli Exhibit 1 nor NBRS Exhibit 11 are admissible in evidence and, accordingly, they cannot be of "importance" to this dispute.  The importance of whatever information Napoli Exhibit 1 contains remains unknown, and could only be known after a full review of the thirteen boxes of documents – many of which KLF believes were not timely produced or not produced in discovery at all – an exercise that KLF should not reasonably be required to undertake in the midst of dispositive motion briefing and on the eve of trial.  The matters discussed in NBRS Exhibit 11 are completely irrelevant to this dispute, though NBRS refers to this exhibit three times in its motion for summary judgment.  *See* ECF 254 at 7, 19, 21.

> **5.     There can be no adequate explanation for Defendants' failure timely to disclose this evidence.**

Defendants' history of not disclosing documents or information when due, not complying with this Court's orders requiring that they disclose documents or information in a timely fashion, and then repeatedly falsely telling the Court that full disclosures had been made preclude any adequate explanation attempting to excuse Defendants' decision to rely on new documents not produced during the discovery period. There can be no justification for this misconduct, much less the substantial justification that Rule 37(c)(1) requires.

**B.     Napoli Exhibit 1 and NBRS Exhibit 11 should be excluded because they are not admissible evidence.**

Fed. R. Civ. P. 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Napoli Exhibit 1 and NBRS Exhibit 11 are not in admissible form and cannot be presented in an admissible form at trial. *See Sanchez Carrera*, 2019 WL 3946469 at *5 ("exhibits need not be in admissible form to be considered at summary judgment, provided they could be put in admissible form").

Defendants have not provided a sponsoring witness to authenticate any part of Napoli Exhibit 1 or its collective whole. *See, e.g.*, Fed. R. Evid. 901. As Exhibit 1 apparently did not exist until the Napoli Defendants compiled it from an untold number of documents residing in their files, KLF has had no opportunity to gauge its authenticity or veracity by questioning a sponsoring witness about how Exhibit 1 was compiled or what the individual documents it contains mean. The subfolders include, for example, printouts from court dockets in underlying cases and settlement statements, which are not self-explanatory, and which require a witness to explain them. They also appear to include a new set of settlement statements – statements that should have been produced in response to the Court's Order in April. KLF cannot and will not

agree to have thirteen boxes of miscellaneous and unauthenticated documents admitted into evidence by stipulation without any sponsoring witness to explain them. And, based on a preliminary review, KLF believes that these documents are rife with inadmissible hearsay or are inadmissible for other reasons.

NBRS Exhibit 11 is also inadmissible hearsay, as it consists entirely of Mr. Haines's recollection of oral statements made to him by Jonathan David, a non-party witness who, as Mr. Haines states in his email, resides in Israel and is, therefore, beyond the subpoena power of this Court. *See, e.g.*, Fed. R. Evid. 802. As set forth above, Mr. Haines apparently did not remember this email or having this conversation with Mr. David five years ago when he was deposed on September 26, 2019. Moreover, the assertions in this email regarding some supposed fear of RICO lawsuits or indictments have nothing to do with the present breach of contract action between KLF and the party Defendants. KLF's principal, Mary Keyes, was not even copied on this email, and there is no indication that she ever had knowledge of it. It is not relevant. *See, e.g.*, Fed. R. Evid. 402.

Accordingly, as neither of these exhibits is presently admissible and they cannot be converted into admissible form by trial, they should be excluded from evidence for purposes of dispositive motions and trial.

        **C.**     **The Lipkowitz Affidavit should be excluded, if it exists.**

KLF does not know whether the Lipkowitz Affidavit(s) cited in NBRS's and the Legacy Defendants' motions for summary judgment exists, whether it was inadvertently omitted from the Defendants' filings, whether it was submitted to the Court but not to KLF, or whether Defendants changed their plan and ultimately decided not to submit such a declaration. Without knowing what this affidavit contains, KLF cannot adequately respond to it. It is clear, however, that the

Lipkowitz Declaration must be excluded, if it exists, because "[a]ny affidavit supporting a motion must be served with the motion," Fed. R. Civ. P. 6(c)(2), and the Lipkowitz Affidavit was not served with the Defendants' motions. Accordingly, the Court should exclude the Lipkowitz Affidavit from consideration with respect to the Defendants' motions or otherwise.

## V.    Conclusion

For the foregoing reasons, the Court should exclude Napoli Exhibit 1, NBRS Exhibit 11, and the Lipkowitz Declaration from consideration as part of motions for summary judgment and from being offered as evidence at trial.

Dated:  October 16, 2019.                                    Respectfully submitted,

                                              */s/ David J. Shuster*
Andrew Jay Graham (Bar No.: 00080)
David J. Shuster (Bar No.: 23120)
Jean E. Lewis (Bar No.: 27562)
Ezra S. Gollogly (Bar No.: 28088)
Emily R. Greene (Bar. No. 20302)
KRAMON & GRAHAM, P.A.
One South Street
Suite 2600
Baltimore, Maryland 21202
(410) 752-6030
(410) 539-1269 (fax)

*Attorneys for Keyes Law Firm, LLC*