**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| KEYES LAW FIRM, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 1:17-cv-02972-RDB |
| | ) |
| NAPOLI BERN RIPKA SHKOLNIK, LLP, *et al.,* | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## ANSWER TO SECOND AMENDED COMPLAINT WITH CROSSCLAIM

Defendant, Napoli Shkolnik, PLLC ("NS")[1], by its undersigned counsel, answers the Second Amended Complaint (the "Complaint") filed by Plaintiff, Keyes Law Firm, LLC ("KLF" or "Plaintiff"), and asserts a crossclaim for contribution and indemnity against Defendant Marc Jay Bern and Defendant Marc J. Bern & Partners, LLP, as follows:

## GENERAL DENIAL

Except as expressly admitted below, and pursuant to Federal Rule of Civil Procedure 8(b)(3), NS generally denies all allegations in the Complaint.

## ANSWER

1.     The allegations set forth in Paragraph 1 of the Complaint constitute Plaintiff's characterization of this action and state conclusion of law to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

---

[1] NS answers this Complaint and asserts a crossclaim without waiver of its defense that the Court lacks personal jurisdiction over NS, which has previously been asserted by way of a Motion to Dismiss, and is the subject of a pending motion for summary judgement, which is incorporated here by reference.

2.      NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies those allegations.

3.      NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore denies those allegations.

4.      NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and therefore denies those allegations.

5.      NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies those allegations.

6.      NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies those allegations.

7.      NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies those allegations.

8.      NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies those allegations.

9.      NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies those allegations.

10.      NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies those allegations.

11.      NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies those allegations.

12.      NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore denies those allegations.

13.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies those allegations.

14.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies those allegations.

15.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies those allegations.

16.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies those allegations.

17.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies those allegations.

18.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies those allegations.

19.     NS admits that Napoli Shkolnik, PLLC is a law firm, but denies the remainder of the allegations set forth in Paragraph 19 of the Complaint.

20.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and therefore denies those allegations.

21.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies those allegations.

22.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore denies those allegations.

23.     NS denies the allegations set forth in Paragraph 23 of the Complaint.

24.     NS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 of the Complaint and therefore denies those allegations.

25.     NS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 of the Complaint and therefore denies those allegations.

26.     The allegations set forth in Paragraph 26 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

27.     The allegations set forth in Paragraph 27 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

28.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and therefore denies those allegations.

29.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and therefore denies those allegations.

30.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and therefore denies those allegations.

31.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and therefore denies those allegations.

32.     NS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32 of the Complaint and therefore denies those allegations.

33.     The allegations set forth in the Paragraph 33 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, same are denied.

34.     NS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 of the Complaint and therefore denies those allegations.

35.     NS neither admits nor denies the allegations set forth in Paragraph 35 of the Complaint, and refers to the referenced documents for their contents.  Further, various averments of Paragraph 35 contain conclusions of law to which no response is required.  To the extent a response is required, NS denies same, and specifically denies that the 2,174 contracts vary solely in the ways mentioned in the Complaint.

36.     NS neither admits nor denies the allegations set forth in Paragraph 36 of the Complaint, and refers to the referenced document for its contents.  To the extent a response is required, NS denies that the referenced document is representative of the remaining 2,174 contracts.

37.     The allegations set forth in the Paragraph 37 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, they are denied.

38.     NS neither admits nor denies the allegations set forth in Paragraph 38 of the Complaint, and refers to the referenced document for its contents.  To the extent any allegations are inconsistent with those documents, such allegations are denied, and NBRS otherwise denies all remaining allegations contained in this paragraph.

39.     NS neither admits nor denies the allegations set forth in Paragraph 39 of the Complaint, and refers to the referenced document for its contents.  To the extent any allegations set forth in this Paragraph are inconsistent with those documents, such allegations are denied, and NS otherwise denies all remaining allegations contained in this paragraph.

40.     NS neither admits nor denies the allegations set forth in Paragraph 40 of the Complaint, and refers to the referenced document for its contents.  To the extent any allegations set forth in this Paragraph are inconsistent with those documents, such allegations are denied, and NS otherwise denies all remaining allegations contained in this paragraph.

41.     NS neither admits nor denies the allegations set forth in Paragraph 41 of the Complaint, and refers to the referenced document for its contents.  To the extent any allegations set forth in this Paragraph are inconsistent with those documents, such allegations are denied, and NS otherwise denies all remaining allegations contained in this paragraph.

42.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and therefore denies those allegations.

43.     NS neither admits nor denies the allegations set forth in Paragraph 43 of the Complaint, and refers to the referenced document for its contents.  To the extent any allegations set forth in this Paragraph are inconsistent with those documents, such allegations are denied, and NS otherwise denies all remaining allegations contained in this paragraph.

44.     NS neither admits nor denies the allegations set forth in Paragraph 44 of the Complaint, and refers to the referenced document for its contents.  To the extent any allegations set forth in this Paragraph are inconsistent with those documents, such allegations are denied, and NS otherwise denies all remaining allegations contained in this paragraph.

45.     NS neither admits nor denies the allegations set forth in Paragraph 45 of the Complaint, and refers to the referenced document for its contents.  To the extent any allegations set forth in this Paragraph are inconsistent with those documents, such allegations are denied, and NS otherwise denies all remaining allegations contained in this paragraph.

46.     NS admits that Mr. Napoli and Marc J. Bern ("Mr. Bern") were former law partners and separated their law practice in 2015.  NS admits that there was litigation and media coverage related to the separation.   Except to the extent admitted, NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and therefore denies those allegations.

47.     It is specifically denied that Mr. Napoli founded NS.  NS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 47 of the Complaint and therefore denies those allegations.

48.     The allegations set forth in Paragraph 48 of the Complaint purport to summarize and construe a publicly available court record, and therefore no response is required.  To the extent a response is required, NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint and therefore denies those allegations.

49.     The allegations set forth in Paragraph 49 of the Complaint purport to summarize and construe a publicly available court record, and therefore no response is required.  To the extent a response is required, NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint and therefore denies those allegations.

50.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint and therefore denies those allegations.

51.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint and therefore denies those allegations.

52.     The allegations set forth in Paragraph 52 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS lacks

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint and therefore denies those allegations.

53.     The allegations set forth in Paragraph 53 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

54.     NS is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph.  To the extent a response is required, they are denied.

55.     The allegations set forth in Paragraph 55 of the Complaint purport to summarize and construe a publicly available court record, and therefore no response is required.  To the extent a response is required, NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint and therefore denies those allegations.

56.     NS is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph.  To the extent a response is required, they are denied.

57.     NS denies the allegations set forth in Paragraph 57 of the Complaint.

58.     The allegations set forth in Paragraph 58 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

59.     The allegations set forth in Paragraph 59 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

60.     NS denies the allegations set forth in Paragraph 60 of the Complaint.

61.     NS denies the allegations set forth in Paragraph 61 of the Complaint.

62.     NS denies the allegations set forth in Paragraph 62 of the Complaint.

63.     NS denies the allegations set forth in Paragraph 63 of the Complaint.

64.     NS denies the allegations set forth in Paragraph 64 of the Complaint.

65.     NS denies the allegations set forth in Paragraph 65 of the Complaint.

66.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint and therefore denies those allegations.

67.     NS denies the allegations set forth in Paragraph 67 of the Complaint.

68.     NS denies the allegations set forth in Paragraph 68 of the Complaint.

69.     The allegations set forth in Paragraph 69 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

70.     The allegations set forth in Paragraph 70 of the Complaint constitute legal conclusions to which no response is required.  Further, NS neither admits nor denies the allegations set forth in this Paragraph that purport to quote from an affidavit, and refers to the referenced document for its contents.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

71.     NS admits that Mr. Napoli entered an appearance in certain cases.  Except to the extent admitted, NS denies the remainder of the allegations set forth in Paragraph 71 of the Complaint.

72.     The allegations set forth in Paragraph 72 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

73.     NS denies the allegations set forth in Paragraph 73 of the Complaint.

74.     NS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint and therefore denies those allegations.

75.     NS neither admits nor denies the allegations set forth in Paragraph 75 of the Complaint, and refers to the referenced letter and email for their contents.  To the extent a response is required, NS denies the allegations set forth in Paragraph 75 of the Complaint.

## COUNT 1 - ACCOUNTING
### (KLF v. all defendants)

76.     NS incorporates its responses to the preceding paragraphs.

77.     The allegations set forth in Paragraph 77 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

78.     The allegations set forth in Paragraph 78 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

79.     NS denies the allegations set forth in Paragraph 79 of the Complaint.

80.     NS denies the allegations set forth in Paragraph 80 of the Complaint.

81.     NS denies the allegations set forth in Paragraph 81 of the Complaint.

82.     NS denies the allegations set forth in Paragraph 82 of the Complaint.

83.     NS denies the allegations set forth in Paragraph 83 of the Complaint.

84.     NS denies the allegations set forth in Paragraph 84 of the Complaint

85.     NS denies the allegations set forth in Paragraph 85 of the Complaint

86.     NS denies the allegations set forth in Paragraph 86 of the Complaint

NS denies the prayer for relief of the Complaint.

## COUNT 2 – DECLARATORY JUDGMENT

**(KLF v. all defendants)**

87.     NS incorporates its responses to the preceding paragraphs.

88.     The allegations set forth in Paragraph 88 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

89.     The allegations set forth in Paragraph 89 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

90.     The allegations set forth in Paragraph 90 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

91.     NS denies the allegations set forth in Paragraph 91 of the Complaint.

92.     The allegations set forth in Paragraph 92 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

93.     The allegations set forth in Paragraph 93 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

94.     The allegations set forth in Paragraph 94 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in this Paragraph.

NS denies the prayer for relief of the Complaint.

## COUNT 3 – BREACH OF ASSOCIATION AGREEMENTS
### (KLF v. NBRS)

95.     NS incorporates its responses to the preceding paragraphs.

96.     NS incorporates by reference the Legacy Defendants' response to the allegations set forth in these paragraphs.

97.     NS incorporates by reference the Legacy Defendants' response to the allegations set forth in these paragraphs.

98.     NS incorporates by reference the Legacy Defendants' response to the allegations set forth in these paragraphs.

99.     NS incorporates by reference the Legacy Defendants' response to the allegations set forth in these paragraphs.

100.    NS incorporates by reference the Legacy Defendants' response to the allegations set forth in these paragraphs.

NS denies the prayer for relief set forth by Plaintiff in the Complaint.

## COUNT 4 – BREACH OF ASSOCIATION AGREEMENTS
### (KLF v. all defendants (except NBRS))

101.    NS incorporates its responses to the preceding paragraphs.

102.    The allegations set forth in Paragraph 102 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in Paragraph 102 of the Complaint.

103.    NS denies the allegations set forth in Paragraph 103 of the Complaint.

104.    NS denies the allegations set forth in Paragraph 104 of the Complaint.

105.    NS denies the allegations set forth in Paragraph 105 of the Complaint, as they pertain to NS.  As to the allegations in this Paragraph pertaining to all other defendants, NS lacks

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies those allegations.

106.    The allegations set forth in Paragraph 106 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in Paragraph 106 of the Complaint.

107.    The allegations set forth in Paragraph 107 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in Paragraph 107 of the Complaint.

NS denies the prayer for relief set forth by Plaintiff in the Complaint.

## COUNT 5 – UNJUST ENRICHMENT
### (KLF v. all defendants)

108.    NS incorporates its responses to the preceding paragraphs.

109.    NS denies the allegations set forth in Paragraph 109 of the Complaint.

110.    NS denies the allegations set forth in Paragraph 110 of the Complaint.

111.    NS denies the allegations set forth in Paragraph 111 of the Complaint.

112.    NS denies the allegations set forth in Paragraph 112 of the Complaint.

113.    NS denies the allegations set forth in Paragraph 113 of the Complaint.

114.    NS denies the allegations set forth in Paragraph 114 of the Complaint.

115.    NS denies the allegations set forth in Paragraph 115 of the Complaint.

NS denies the prayer for relief set forth by Plaintiff in the Complaint.

## COUNT 6 – CONSTRUCTIVE TRUST
### (KLF v. all defendants)

116.    NS incorporates its responses to the preceding paragraphs.

117.    NS denies the allegations set forth in Paragraph 117 of the Complaint.

118.    The allegations set forth in Paragraph 118 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in Paragraph 118 of the Complaint.

119.    The allegations set forth in Paragraph 119 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in Paragraph 119 of the Complaint.

NS denies the prayer for relief set forth by Plaintiff in the Complaint.

### COUNT 7 – NEGLIGENCE
### (KLF v. Napoli, Bern, and NBRS)

120.    NS incorporates its responses to the preceding paragraphs.

121.    The allegations set forth in Paragraph 121 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in Paragraph 121 of the Complaint.

122.    The allegations set forth in Paragraph 122 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in Paragraph 122 of the Complaint.

123.    The allegations set forth in Paragraph 123 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in Paragraph 123 of the Complaint.

124.    The allegations set forth in Paragraph 124 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in Paragraph 124 of the Complaint.

125.    NS denies the allegations set forth in Paragraph 125 of the Complaint.

126.     The allegations set forth in Paragraph 126 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in Paragraph 126 of the Complaint.

127.     NS denies the allegations set forth in Paragraph 127 of the Complaint.

128.     NS denies the allegations set forth in Paragraph 128 of the Complaint.

129.     The allegations set forth in Paragraph 129 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, NS denies the allegations set forth in Paragraph 129 of the Complaint.

NS denies the prayer for relief set forth by Plaintiff in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim or cause of action upon which relief can be granted, as the Complaint does not sufficiently plead all requisite facts to establish that NS was a party to any agreements with Plaintiff, or that NS was unjustly enriched to the detriment of Plaintiff.

### Second Affirmative Defense

The Complaint fails to state a claim or cause of action upon which relief can be granted, as the association agreements referenced in the Complaint are unenforceable under applicable law.

### Third Affirmative Defense

The claims alleged in the Complaint are barred, in whole or in part, by the statute of limitations, as the causes of action asserted in the Complaint accrued more than three years before the Complaint was filed.

### Fourth Affirmative Defense

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of laches, as Plaintiff unreasonably delayed, for a period of up to six years, before bringing this action.

### Fifth Affirmative Defense

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of estoppel, due to Plaintiff's unreasonably long delay in asserting its claims.

### Sixth Affirmative Defense

The claims alleged in the Complaint are barred, in whole or in part, by Plaintiff's waiver, as Plaintiff waived its claims against NS by unreasonably delaying, for a period of up to six years, before bringing this action.

### Seventh Affirmative Defense

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of accord and satisfaction, since Plaintiff accepted payment in full from Defendants[2] without a reservation of rights, or otherwise stating that it believed it was owed a greater sum of money from any of the Defendants.

### Eighth Affirmative Defense

Plaintiff's claims are barred since the association agreements referenced in the Complaint are unenforceable under applicable law.

### Ninth Affirmative Defense

Plaintiff cannot collect the damages it seeks in the Complaint due to Defendants' right of set off, since the expenses that Defendants advanced outweighed the monetary recovery in the underlying cases for the Subject Clients referenced in the Complaint.  To the extent Defendants'

---

[2]   "Defendants" refers collectively to any named Defendants in this action.

advanced expenses exceeded the amounts recovered by Defendants, thus resulting in a financial loss to Defendants, such monies are due and owing to Defendants by Plaintiff.

### Tenth Affirmative Defense

Plaintiff's claims are barred since this Court lacks personal jurisdiction over NS, which is a resident of the State of New York and does not conduct sufficient business in the State of Maryland to subject itself to Maryland's long-arm statute for personal jurisdiction.  Further NS has no contract with the Plaintiff.

### Eleventh Affirmative Defense

Plaintiff's claims are barred because Plaintiff lacks privity of contract with NS, as NS is not a party to any agreement with Plaintiff.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, or abated substantially, by the doctrine of unclean hands, due to Plaintiff's failure to assume any responsibility for the Subject Clients.

### Thirteenth Affirmative Defense

Plaintiff's claims fail, in whole or in part, since Plaintiff has not suffered any actual damages.

### Fourteenth Affirmative Defense

Plaintiff is barred from collecting any damages from NS because Plaintiff failed to perform any work in connection with the cases identified in the Complaint and therefore such claims are barred by the applicable rules of ethics.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the statute of frauds because Plaintiff alleges in the Complaint that the association agreements were either verbal and/or based upon course of conduct.

### Sixteenth Affirmative Defense

The Complaint and all claims for relief therein should be dismissed on the ground that Plaintiff has failed to join necessary and indispensable parties, including the David Law Firm and Cooper, Hart, Leggiero & Whitehead, PLLC.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred since KLF has been paid and accepted payment for settlement funds received, and the cases for the Subject Clients were either closed by the Court, closed or rejected by the parties, and/or closed by the Subject Client.

NS expressly reserves the right to assert additional defenses upon discovery of further information concerning Plaintiff's claims.

### DEMAND FOR JURY TRIAL

Defendant, Napoli Shkolnik, PLLC, hereby demand a trial by jury on all issues so triable in this matter.

WHEREFORE, Defendant, Napoli Shkolnik, PLLC, respectfully requests that this Court enter judgment in its favor and against Plaintiff, Keyes Law Firm, LLC, and award NS its attorneys' fees, costs, and expenses incurred in connection with this case and such other relief as the Court deems just.

## CROSSCLAIM

## (NS v. Defendants Marc J. Bern and Marc J. Bern & Partners LLP)

## CONTRIBUTION AND INDEMNTIY COUNTS 1-2, 4-6

These Cross-claims are brought under Fed. R. Civ. P. 13(g), in that the claim stated arises out of the occurrence which is the subject of the plaintiff's Amended Complaint.

1.      In its Second Amended Complaint, KLF alleges, *inter alia*, that it referred thousands of asbestos-injury clients to Defendant, Napoli Bern Ripka Shkolnik, LLP ("NBRS"), and that Defendants Paul Napoli and Marc Jay Bern ("Bern") "each receive 50% of the profits" of NBRS.

2.      Plaintiff further alleges that "Mr. Napoli, Mr. Bern, and their firms have failed to remit the agreed-upon payments to Keyes Law Firm, LLC."

3.      In addition, KLF has alleged that Mr. Napoli and Mr. Bern each exercised complete control over and guided every aspect of the Partnership's operation and each of the defendant entities that comprise the Partnership and has used that control to conceal information and assets that KLF is entitled to receive, thereby using the entities to deceive KLF and frustrate KLF in obtaining the contractual benefits that rightfully belong to KLF.

4.      Further, KLF has alleged that Marc J. Bern & Partners LLP (the "Bern Firm") is merely a "DBA" named used by Mr. Bern to frustrate creditors and avoid having to honor Mr. Bern's contractual obligations, and that Mr. Bern exercises complete dominion and control over the Bern Firm and has abused the privilege of doing business as an LLP by using the Bern Firm to perpetrate wrongs and injustices on KLF and others.

5.      As set forth in the above Answer to the Second Amended Complaint, NS denies any liability to KLF, denies that this Court has personal jurisdiction over NS, and denies the existence of any contract between KLF and NS.

6.      Further, NS expressly denies that KLF has been deprived of assets or information it is entitled to receive, and strict proof is demanded at trial.   However, to the extent that NS is found liable on any count to KLF, such liability would be the result of the acts and/or omissions of Defendants, Marc Jay Bern and the Bern Firm.

7.      Upon information and belief, certain of the Association Agreements produced in this litigation for which KLF has brought a claim for damages bear the signature of Marc J. Bern on behalf of NBRS.

8.      In addition, in 2014, Bern stepped in as head of asbestos litigation for the NBRS firm after Defendant Paul Napoli was diagnosed with leukemia and was undergoing treatment.

9.      In that role, Bern was solely responsible for the day-to-day operations of NBRS, and specifically, any cases referred by KLF to NBRS.

10.     Upon information and belief, many of the Association Agreements identified in Exhibit 1 to Plaintiff's Second Amended Complaint, which Plaintiff claims were breached and for which Plaintiff seeks damages, involved asbestos cases that were resolved, settled, dismissed, or otherwise terminated during the period of time when Mr. Bern was solely responsible for the day-to-day operations of NBRS, and specifically, any cases referred by KLF to NBRS.

11.     Accordingly, in addition to any proportionate liability as an equity owner in NBRS for any purported damages set forth in Plaintiff's Second Amended Complaint, Mr. Bern and/or the Bern Firm are solely liable for any damages attributed to cases that were resolved,

settled, dismissed, or otherwise terminated during the period of time when Mr. Bern was solely responsible for the day-to-day operations of NBRS.

12.     KLF has also alleged that Mr. Bern exercised complete control over and guided every aspect of the Partnership's operation and each of the defendant entities that comprise the Partnership and has used that control to conceal information and assets that KLF is entitled to receive, thereby using the entities to deceive KLF and frustrate KLF in obtaining the contractual benefits that rightfully belong to KLF.

13.     To the extent that any Defendant failed to remit agreed upon information or payments as KLF alleges, such failure was the result of actions or inactions by Marc Jay Bern and/or the Bern Firm.

14.     Therefore, if KLF was injured or suffered damages as alleged in the Amended Complaint, said injuries and damages were solely and primarily the result of acts of omission or commission constituting negligence by Marc J. Bern and Marc J. Bern & Partners, LLP.

14.     If KLF obtains a judgment against NS in the above-captioned case, NS demands full indemnification from Bern and the Bern Firm for any and all damages awarded to KLF, plus all costs and such further relief as this Court deems just and owing to NS.

15.     In the alternative, should NS be found liable to Plaintiff, liability being strictly denied, then Marc Jay Ben and the Bern Firm are jointly and/or severally liable to NS by way of contribution and/or indemnity.

WHEREFORE, Napoli Shkolnik, PLLC respectfully requests that judgment be entered in its favor and against all other parties, and that Napoli Shkolnik, PLLC be awarded costs, attorneys' fees as allowed by law, and such other relief as the Court deems appropriate.

Respectfully submitted,

**OFFIT KURMAN, P.A.**

By: /s/ Meghan K. Finnerty
Harold M Walter, Esquire
Timothy C Lynch, Esquire
Eric J Pelletier, Esquire
Meghan K Finnerty, Esquire
*(admitted pro hac vice)*
300 East Lombard Street, Suite 2010
Baltimore, MD 21202
Telephone: 410-209-6400
Facsimile: 410-209-6435
Email: tlynch@offitkurman.com
        hwalter@offitkurman.com
        epelletier@offitkurman.com
        mfinnerty@offitkurman.com

*Counsel for Defendant,*
*Napoli Shkolnik, PLLC*

Dated: October 28, 2019