

Attorneys At Law

MARYLAND
PENNSYLVANIA
VIRGINIA
NEW JERSEY
NEW YORK
DELAWARE
WASHINGTON, DC

**Sender's Direct Dial: 240-507-1739**
Sender's Email: epelletier@offitkurman.com

October 31, 2019

**VIA ECF FILING**
Hon. A. David Copperthite
United States Magistrate Judge
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:    **Keyes Law Firm, LLC v. Napoli Bern Ripka Shkolnik, LLP, et al.**
              **Case No.: 17-cv-2972-RDB**

Dear Magistrate Judge Copperthite:

      Once again, I write regarding subpoenas that Plaintiff issued to Bank of America ("BOA") and Wilmington Savings Funds Society ("WSFS") for Defendants' bank records. I outlined my clients' position with respect to the subpoenas in a conference call with you, and in my September 27, 2019 letter to you (Doc. 239). To reiterate, the subpoena sought all identified information in the accounts referenced in the subpoenas. My clients' position and that of the Legacy Defendants was that the requests in the subpoena would indiscriminately yield all information in the accounts, about all cases and banking matters in the accounts, rather than the specific information that would be pertinent to this case. The parties continued to exchange their views on the issue in two subsequent letters. (Docs. 241-242). On October 1, 2019, the Court issued a paperless order directing the parties to submit a joint proposed order to resolve how the responsive document productions should be made.

      On the morning of October 3, 2019, Plaintiff's counsel advised that he had received BOA's production. BOA's production was unexpected because it occurred even though BOA received the original Motion to Quash, and received a copy of your Honor's September 9, 2019 Order. The BOA production was not a situation that your October 1, 2019 addressed, because the production seems to have occurred *after* you issued your October 1, 2019 paperless order. Nonetheless, I believe that the production now needs to be brought to your attention.

      On the afternoon of October 3, 2019, counsel for the parties (Shuster, Pelletier, and Lipkowitz) convened a call to address your order, and to address the BOA production. However, because only Plaintiff's counsel was in possession of the materials that BOA produced at that time, the call did not resolve the issue.[1] Instead, the parties to the call agreed that Plaintiff's counsel

---

[1] Mr. Shuster advised that his office had done only a very high-level/minimal review of the documents to obtain an understanding of what was produced, and did not read the documents within what was produced.

Offit | Kurman®
Attorneys At Law

MARYLAND
PENNSYLVANIA
VIRGINIA
NEW JERSEY
NEW YORK
DELAWARE
WASHINGTON, DC

would have the BOA materials copied and produced to Defendants' counsel for review; that production occurred on October 4, 2019.

We understand from Plaintiff's prior submissions that they wish to perform the review of the materials. Again, we believe that this approach is contrary to both the letter and the intent of your September 9, 2019 Order, and exposes Defendants' private information (much of which would have no possible relevance to the issues herein) to Plaintiff's counsel. Therefore, my clients' respectfully request that you order Plaintiff's counsel turn over their copies of the materials in question to Defendants' counsel without keeping copies.

On October 10, 2019 counsel (Pelletier, Shuster, Lewis, and Lipkowitz) held a teleconference to attempt to agree to a proposal. Defendants recognized that Plaintiff does not want Defendants to be in charge of the review and production of the BOA materials and (yet to be produced) WSFS materials. Therefore, Defendants proposed that a neutral third party perform the review and redaction of materials using a list of the 2,174 client names. Defendants proposed the accounting firm Zapken Loeb, LLP of Hicksville, N.Y., which was employed by a court-appointed referee in a previous case. Defendants believe that using a third party should satisfy all of the parties' concerns because it protects non-relevant private financial information from being reviewed by Plaintiff's counsel, does not involve Defendants in the process, and allows a neutral third party (one that has some familiarity with the underlying circumstances that gave rise to the case at bar) to make the determinations necessary to process the materials. We propose that the cost of the review be split 50/50 among the Plaintiff and the Defendants. Plaintiff's counsel indicated that they would take the proposal into consideration. However, we have not heard back from Plaintiff's counsel on this issue.

Respectfully submitted,

/s/ Eric Pelletier
Eric Pelletier