IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEYES LAW FIRM, LLC, | * | |
| Plaintiff, | * | Civil Action No. RDB-17-2972 |
| v. | * | |
| NAPOLI BERN RIPKA SHKOLNIK, LLP, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Plaintiff Keyes Law Firm, LLC ("Plaintiff" or "Keyes"), brings this action against Paul J. Napoli ("Mr. Napoli"), Marc J. Bern ("Mr. Bern"), and sixteen law firms (collectively, "Defendants"), alleging that the Defendants have failed to honor their obligations under association agreements related to the referral of asbestos-related litigation. The Plaintiff seeks an accounting of various information (Count I), a declaratory judgment concerning the parties' rights, interests, liabilities, and damages (Count II), and also brings claims for breach of contract (Counts III, IV), unjust enrichment (Count V), constructive trust (Count VI), and negligence (Count VII). (2d Am. Compl., ECF No. 274.) Currently pending before this Court are Marc J. Bern's Motion to Dismiss or in the Alternative, Motion for Summary Judgment of Paul Napoli's Crossclaims (ECF No. 315); Marc J. Bern's Motion to Dismiss or in the Alternative, Motion for Summary Judgment of Napoli Shkolnik, PLLC's Crossclaims (ECF No. 317); Marc J. Bern's Motion to Dismiss or in the Alternative, Motion for Summary Judgment of Napoli Law, PLLC's Crossclaims (ECF No. 320); and Marc J. Bern's Motion to Dismiss or in the Alternative, Motion for Summary Judgment of Paul Napoli Law PLLC's

Cross Claims (ECF No. 332).

On November 25, 2019, this Court conducted a Motions Hearing and heard argument on the pending motions. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated on the record at the hearing, and for the reasons stated below, Marc J. Bern's Motion to Dismiss or in the Alternative, Motion for Summary Judgment of Paul Napoli's Crossclaims (ECF No. 315); Marc J. Bern's Motion to Dismiss or in the Alternative, Motion for Summary Judgment of Napoli Shkolnik, PLLC's Crossclaims (ECF No. 317); Marc J. Bern's Motion to Dismiss or in the Alternative, Motion for Summary Judgment of Napoli Law, PLLC's Crossclaims (ECF No. 320); and Marc J. Bern's Motion to Dismiss or in the Alternative, Motion for Summary Judgment of Paul Napoli Law PLLC's Cross Claims (ECF No. 332) are GRANTED.

## BACKGROUND

Mr. Bern and Mr. Napoli are the founding partners and principals and equal partners of Napoli Bern Ripka Shkolnik, LLP ("NBRS") and eleven firms which, combined with NBRS, made up an alleged "Partnership."[1] (2d Am. Compl., ¶¶ 6-17, ECF No. 274.) In 2014, Mr. Napoli and Mr. Bern decided to split as law partners. (*Id.* ¶ 46.) After litigation ensued, Mr. Napoli and Mr. Bern entered into an agreement in New York state court ("Napoli-Bern Settlement Agreement") to determine how to distribute the Partnership's cases. (*Id.* ¶ 48.) Mr. Bern has attached the publicly available Order from the Supreme Court of the State of New York in Case No. 159576/2014, appointing Mark C. Zauderer ("Mr. Zauderer") as the

---

[1] Specifically, the eleven firms are (1) Napoli Bern, LLP; (2) Napoli Bern & Associates, LLP; (3) Napoli Bern Ripka & Associates, LLP; (4) Napoli Bern Ripka, LLP; (5) Napoli Bern Ripka Shkolnik & Associates, LLP; (6) Law Offices of Napoli Bern, LLP; (7) Law Offices of Napoli Bern Ripka & Associates, LLP; (8) Law Offices of Napoli Bern Ripka Shkolnik, LLP; (9) Law Offices of Napoli Bern Ripka Shkolnik & Associates, LLP; (10) Napoli Kaiser Bern & Associates, LLP; and (11) Pasternack Tilker Napoli Bern, LLP. (*Id.* ¶ 17.)

referee over the Napoli-Bern Settlement Agreement, granting Mr. Zauderer "the powers to hear and determine all issues related to this Action, with all the powers of the Court available to him." (ECF No. 230-3.) As a result of the Napoli-Bern Settlement Agreement, the firms comprising the Partnership then became the prior forms of firms started by Mr. Napoli and Mr. Bern after the split. (2d Am. Compl, ECF No. 274 ¶¶ 47-48.) Mr. Bern founded and now operates Bern Ripka, LLP and Marc J. Bern & Partners, LLP. (*Id.* ¶¶ 24-25.)

On October 9, 2017, Plaintiff filed suit against Defendants Paul J. Napoli, Paul Napoli Law PLLC, Napoli Law, PLLC, Napoli Shkolnik, PLLC, Marc J. Bern, and Marc J. Bern & Partners LLP, in addition to several other law firm Defendants. (ECF No. 1.) On September 14, 2018, Paul Napoli, Paul Napoli Law PLLC, Napoli Law, PLLC, and Napoli Shkolnik, PLLC filed their initial answers, without asserting any crossclaims. (ECF Nos. 77, 78, 79, 80.)

On October 18, 2019, this Court granted Plaintiff's request to voluntarily dismiss with prejudice Counts I, II, IV, V, VI, and VII against Defendant Marc J. Bern & Partners LLP, and Count VII against Defendant Marc J. Bern (collectively, the "Bern Defendants"). (ECF No. 273.) On October 22, 2019, Plaintiff advised the Court that it had reached a resolution with all of the Bern Defendants. (ECF No. 277.) On October 24, 2019, Paul Napoli Law, PLLC filed crossclaims, for the first time, for contribution and indemnification against the Bern Defendants. (ECF No. 284.) On October 28, 2019, Napoli Shkolnik, PLLC filed the same crossclaims against the Bern Defendants. (ECF No. 297.) On November 4, 2019, Mr. Napoli also filed the same crossclaims against Mr. Bern, individually. (ECF No. 306.) On the same day, Napoli Shkolnik, PLLC filed amended crossclaims, dropping only its crossclaims against Marc J. Bern & Partners, LLP. (ECF Nos. 307.)

Also on November 4, 2019, Napoli Law, PLLC filed a crossclaim against Marc Bern, individually. (ECF No. 308.) On November 14, 2019, Paul Napoli Law PLLC filed amended crossclaims, dropping its crossclaims against Marc J. Bern & Partners, LLP. (ECF No. 329.) Accordingly, the crossclaims remain only against Mr. Bern individually.

On November 11, 2019, Mr. Bern filed a Motion to Dismiss Paul Napoli's Crossclaims (ECF No. 315), a Motion to Dismiss Napoli Shkolnik, PLLC's Crossclaims (ECF No. 317), and a Motion to Dismiss Napoli Law PLLC's Crossclaims (ECF No. 320). On November 15, 2019, Mr. Bern also filed a Motion to Dismiss the crossclaims filed by Paul Napoli Law, PLLC. (ECF No. 332.) While Mr. Bern has styled each of his motions in the alternative as motions for summary judgment, the Court will construe them as motions to dismiss.

## STANDARD OF REVIEW

### 1. Motion to Dismiss

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and

conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A crossclaim must contain the same requirements as a complaint to state a claim for relief under Rule 8(a), including meeting the *Twombly/Iqbal* "plausibility" standard. *Guthrie v. Northwestern Mutual Life Ins. Co.*, Civil Action No. DKC-09-2342, 2010 WL 3260001, at *4 (D. Md. Aug. 18, 2010) (evaluating motion to dismiss crossclaim under the same standard as a motion to dismiss the complaint); *see also* James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 20-VII (2019).

While ruling on a motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

## 2. Crossclaim

In a lawsuit involving multiple parties on the "same side," Federal Rule of Civil Procedure 13(g) provides that a pleading "may state as a crossclaim any claim by one party against a coparty" if one of the following conditions is met: (1) "the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim," (2) "the claim relates to any property that is the subject matter of the original action," or (3) "the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." Fed. R. Civ. P. 13(g); *see also* James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 20-VII (2019). Rule 13(g) is "remedial in nature, intended to promote the expeditious and economical adjudication in a single action of the entire subject matter arising from one set of facts." *Providential Dev. Co. v. U.S. Steel Co.*, 236 F.2d 277, 281 (10th Cir. 1956); *Wada v. Aloha King, LLC*, 154 F. Supp. 3d 981, 1003 (D. Haw. 2015); *Favors v. Cuomo*, 881 F. Supp. 2d 356, 373 (E.D.N.Y. 2012); *Balerna v. Gilberti*, 266 F.R.D. 42, 45 (D. Mass 2010). Rule 13(g) should be construed "liberally" to effectuate its purpose. *Lasa Per l'Industria Del Marmo Societa v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969); *Providential Dev. Co.*, 236 F.2d at 281; *Favors*, 881 F. Supp. 2d at 373.

## ANALYSIS

Mr. Bern advances three principal arguments in favor of dismissal of Mr. Napoli, Napoli Shkolnik, PLLC, Napoli Law, PLLC, and Paul Napoli Law, PLLC's crossclaims. (Bern's Consolidated Mem., ECF No. 320-1.) First, Mr. Bern argues that the crossclaims should be dismissed on ripeness grounds. Second, he argues that the crossclaims fail to state

a claim.[2]  Finally, he argues that a court-approved settlement in New York bars litigation of

the crossclaims before this Court.  In addition to Mr. Bern's arguments, this Court has

considered the timeliness of the crossclaims under Federal Rules of Civil Procedure 13 and

15.  For the reasons stated on the record at the hearing of November 25, 2019, and for the

reasons stated below, these crossclaims are untimely and are subject to the New York

settlement agreement.

1. **The crossclaims are dismissed as untimely under Federal Rules of Civil Procedure 13 and 15.**

Crossclaims in federal actions are governed by Federal Rule of Civil Procedure 13(g).

Rule 13(g) permits a litigant to file crossclaims against co-parties "if the claim arises out of the

same transaction or occurrence that is the subject matter of the original action."  Fed. R. Civ.

P. 13(g).  Crossclaims are not compulsory, and the court retains discretionary power over their

---

[2] Mr. Bern's arguments as to ripeness and failure to state a claim are unavailing.  As to ripeness, Mr. Bern argues that, because liability has not yet been determined, the crossclaims are not yet ripe under federal or state law. (ECF No. 320-1 at 5-10 (citing *A/S J. Ludwig Mowinckles Rederi v. Tidewater Cost. Co.*, 559 F.2d 928, 931-32 (4th Cir. 1977)).  *Mowinckles* is distinguishable because the Fourth Circuit determined that an indemnification claim was not ripe when there existed pending personal injury and wrongful death actions that had not yet been resolved on the issue of liability.  559 F.2d at 932-33.  Rule 13(g) and Maryland and New York court rules expressly allow a crossclaim to include a claim that the co-party is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.  *See* Md. Rule 2-331(b) (West 2019); N.Y. C.P.L.R. 3019(b) (Consol. 2019).  The crossclaims against Mr. Bern, governed by New York law, also adequately state claims for contribution and indemnification.  *See First Mount Vernon Industrial Loan Ass'n v. Smith*, Civil Action No. 8-08-cv-02085-AW, 2009 WL 2392132, at *7 (D. Md. July 31, 2009); *Matter of Poling Trasnp. Corp.*, 784 F. Supp. 1045, 1047-78 (S.D.N.Y. 1992) (indemnification "arises out of an express or implied contract" by which "the party held legally liable shifts the entire loss to another to prevent a result which is regarded as unjust or unsatisfactory."); *Girau v. Europower, Inc.*, No. 10-cv-4320 (NSR), 2015 WL 4533783, at *6 (S.D.N.Y. July 24, 2015) (contribution applies when "two or more tortfeasors share in responsibility for the same injury" and "apportionment through contribution, rather than a shifting of the entire loss through implied indemnification, is generally the appropriate remedy").  The Napoli Defendants have sufficiently alleged that Mr. Bern had control over the Partnership's operation during the pendency of the asbestos cases, and that he is bound under the association agreements.  (ECF Nos. 306; 307; 308; 329.); *see Energy Brands, Inc. v. Jorgensen*, No. 09-CV-591A, 2011 WL 282354, at *7 (W.D.N.Y. Jan. 25, 2011) (finding bare bones conclusory allegations of liability insufficient).

assertion in any particular action. *See Arguetta v. McGill Airflow, LLC*, Civ. A. No. JKB-11-1102, 2012 WL 34039, at *2 (D. Md. Jan. 4, 2012) ("The decision whether to allow a crossclaim that meets the test of subdivision (g) is a matter of judicial discretion." (quoting Charles Allan Wright, *et al*, 6 Fed. Prac. & Proc. Civ. § 1431 (3d ed.))). A crossclaim may be included with a party's initial responsive pleading, usually as an answer to a complaint or counterclaim. Fed R. Civ. P. 13(g).

Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to amend its pleading to add a crossclaim "as a matter of course" within 21 days after serving the pleading or within 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. If that period has expired, however, the consent of the opposing party or leave of court is necessary under Rule 15(a)(2). James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 20-VII (2019).

Leave to file an amended pleading "shall be freely given when justice so requires." FRCP 15(a). The "liberal rule" of Rule 15(a), however, is not absolute. A court may deny leave to file an amended pleading when the amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Delay alone may not serve as the basis for denying a party's motion. *Oroweat Foods Co.*, 785 F.2d at 509. Rather, any claimed delay "must be accompanied by prejudice, bad faith, or futility." *Id.* at 510 (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir.1980)). A court must consider the "nature of the amendment and the timing," as the "further the case progresse[s] before judgment [is] entered, the more likely it is that the amendment will prejudice the [opposing party] or that a court will find bad faith on the [moving party's] part."

*Laber*, 438 F.3d at 427. "An amendment is not prejudicial…if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.* (citing *Davis*, 615 F.2d at 613).

Mr. Napoli, Paul Napoli Law PLLC, Napoli Law, PLLC, and Napoli Shkolnik, PLLC did not include any crossclaims in their initial responsive pleadings, as required by Rule 13(g). Instead, they have filed their crossclaims for the first time in their Second Amended Answers, without leave of court or consent of the opposing parties, as is required by Rule 15(a)(2). Thus, it within this Court's discretion to determine if the assertion of the crossclaims for the first time, six weeks before trial, would be prejudicial. *Arguetta v. McGill Airflow, LLC*, Civ. A. No. JKB-11-1102, 2012 WL 34049, at *2 (D. Md. Jan. 4, 2012) ("The decision whether to allow a crossclaim that meets the test of subdivision (g) is a matter of judicial discretion." (quoting Charles Allan Wright, *et al*, 6 Fed. Prac. & Proc. Civ. § 1431 (3d ed.))).

The Court finds prejudice in both the nature of the crossclaims and their timing. *See Laber*, 438 F.3d at 427. The Napoli Defendants waited more than a year after the Napoli Defendants filed their initial Answers in this case, two years after being named as Defendants in this matter, over a month after discovery closed, more than two weeks after summary judgment motions were due, and six days after this Court dismissed all claims against Marc J. Bern & Partners, LLP and the negligence claim against Mr. Bern, to file crossclaims against the Bern Defendants. More importantly, the Napoli Defendants have waited until six weeks before the trial date of December 9, 2019, to file their crossclaims.

To allow the crossclaims at this late stage in the case would only serve to delay this case further. As discussed below, the nature of the crossclaims implicate determining the rights

and obligations under a settlement agreement that is within the purview of a court-appointed referee in New York. *See AIG Europe Ltd. v. General System, Inc.*, Civil Action No. RDB-13-0216, 2015 WL 1276757, at *3 (D. Md. Mar. 19, 2015) (dismissing crossclaims without prejudice because they would "only slow th[e] case further," and the "crossclaim would require the Court to address disputes of fact and complicated issues of Pennsylvania law regarding contract formation and integration"). Accordingly, the crossclaims are dismissed without prejudice.

2. **The crossclaims may be subject to an agreement in New York, under which a Special Referee has been appointed.**

As a preliminary matter, while Mr. Bern asserts that he is entitled to summary judgment on the crossclaims based on the Napoli-Bern Settlement Agreement and corresponding New York state court Order, Mr. Bern's reliance on the Order does not require this Court to treat Mr. Bern's motions to dismiss as motions for summary judgment under Rule 56. Instead, this Court may take judicial notice of matters of public record, such as the New York state court Order, without converting a Rule 12(b)(6) motion. *See, e.g. Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record…"); *cf. Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1213 (4th Cir. 1995), *vacated on other grounds*, 517 U.S. (1996) (consideration of legislative history does not require conversion of motion to dismiss).

In conjunction with the untimeliness of the crossclaims, the nature of the crossclaims warrants dismissal, as they implicate issues between Mr. Napoli and Mr. Bern that were explicitly designated to be handled by a court-appointed referee in New York. (*See Paul J.*

*Napoli v. Marc J. Bern*, Case No. 159576/2014, Aug. 17, 2015 Order (N.Y. Sup. Ct.), ECF No. 230-3.) Mr. Napoli and Mr. Bern are subject to a settlement agreement under a New York state court Order, which appointed a special referee, Mr. Zauderer, granting him "the powers to hear and determine all issues related to this [Settlement Agreement], with all the powers of the Court available to him." (*Id.*) Accordingly, along with the prejudicial effect of the untimely crossclaims under Rules 13 and 15, dismissal without prejudice is warranted based on the powers appointed to Mr. Zauderer by a final judgment of a New York state court. *See Goldmark Friendship, LLC, et al. v. Larsen et al.*, No. Civ. JFM-99-2932, 2000 WL 217862, at *1 (D. Md. Feb. 22, 2000) (dismissing claims that were subject to an on-going receivership in state court under *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), because "all of the claims asserted by plaintiffs can be litigated through the state court system, subject to certiorari review by the Supreme of the United States").

## CONCLUSION

For the reasons stated on the record at the hearing of November 25, 2019, and for the reasons stated above, it is HEREBY ORDERED this 27th day of November, 2019 that:

1. Marc J. Bern's Motion to Dismiss or in the Alternative, Motion for Summary Judgment of Paul Napoli's Crossclaims (ECF No. 315) is GRANTED;

2. Marc J. Bern's Motion to Dismiss or in the Alternative, Motion for Summary Judgment of Napoli Shkolnik, PLLC's Crossclaims (ECF No. 317) is GRANTED;

3. Marc J. Bern's Motion to Dismiss or in the Alternative, Motion for Summary Judgment of Napoli Law, PLLC's Crossclaims (ECF No. 320) is GRANTED;

4. Marc J. Bern's Motion to Dismiss or in the Alternative, Motion for Summary Judgment of Paul Napoli Law PLLC's Cross Claims (ECF No. 332) is GRANTED;

5. Paul Napoli, Napoli Shkolnik, PLLC, Napoli Law, PLLC, and Paul Napoli Law, PLLC's crossclaims against Marc J. Bern are DISMISSED WITHOUT PREJUDICE;

6. The Clerk of this Court shall transmit copies of this Order to the parties.


_____/s/_____
Richard D. Bennett
United States District Judge