# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (NORTHERN DIVISION)

| | |
|---|---|
| KEYES LAW FIRM, LLC, | : |
| *Plaintiff,* | : |
| | : |
| v. | : |
| | : |
| NAPOLI BERN RIPKA SHKOLNIK, LLP, *et al.,* | :   CASE NO.: 1:17-CV-02972-RDB |
| | : |
| *Defendants.* | |

## DEFENDANTS' MOTION IN LIMINE[1]

Defendants Napoli Shkolnik, PLLC, Napoli Shkolnik & Associates, PLLC, Paul Napoli Law, PLLC, Napoli Law PLLC, and Paul J. Napoli, by and through undersigned counsel, provide this Honorable Court with their Motion in Limine, and in support hereof state:

The Court has or soon will be entering summary judgment against Napoli Bern Ripka Shkolnik, P.A. ("NBRS") on Count III (Breach of Contract) of the Second Amended Complaint, and is considering doing the same against Defendant Paul Napoli ("Mr. Napoli") on Count IV. All of the contracts in question pertain to whether NBRS paid referral fees to Plaintiff. Open substantive issues for trial (to a jury) are breach of contract (as to other Defendants) and damages. Thus, the Court should preclude evidence outside of the realm of the issues of breach and damages, as described in each "Point" below, from the trial of this action.

**Point 1 - The Court Should Preclude Evidence of, or Reference to "Offshore Accounts."**

Keyes Law Firm ("KLF") has retained an expert, who would opine, *inter alia*:

> Mr. Napoli transferred significant assets to foreign accounts at a time when substantial debts were owed to creditors, including KLF. These transfers had the effect of (i) reducing available funds for payments to creditors and (ii) concealing assets from creditors, and may have been purposefully made to achieve those ends. Transferring funds offshore is a known practice to put assets out of reach of creditors and hinder the ability of creditors to collect on debts.

---

[1] Referred to herein as "Defendants", and previously referred to as the "Napoli Defendants."

This is a breach of contract case; it is not a fraud, fraudulent conveyance, or post-judgment collection case. Not only is ownership of an offshore account not "fraud," in general, it is certainly not a fraud as to KLF. Moreover, "fraud" and off shore accounts (if they exist) are irrelevant to the issues for the trial this case. Evidence and opinions related to offshore accounts and "fraud" would be highly and unfairly prejudicial to Mr. Napoli and all other Defendants, would confuse the jury, and would waste precious time in this very truncated trial schedule. Fed. R. Evid. 401, 402, 403. Thus, the Court should preclude all material referencing offshore accounts and alleged fraud from trial.

**Point 2 - The Court Should Preclude Evidence of Marital Issues**

Mr. and Mrs. Napoli are married. Other than that fact, past events that pertain to their marriage have nothing to do with the legal issues (contract and damages claims) in this case. KLF is aware that some salacious issues relating to the Napoli's marriage have been publicized in the press. Other than the fact that Mr. and Mrs. Napoli are married, information about the Napoli's marriage is irrelevant to this breach of contract case, would be unfairly prejudicial to Defendants, and should be excluded. Fed. R. Evid. 401, 401, 403.

**Point 3 – The Court Should Preclude Certain Details of the NBRS Breakup**

Certain facts about the breakup of NBRS are relevant, including that: (1) NBRS broke up as a firm following litigation among the partners; (2) a court appointed a Receiver over the NBRS dissolution, who then appointed a referee, Mr. Zauderer; and, (3) the ensuing allocation of the asbestos cases. However, the reasons for the breakup of NBRS, and the continued litigation in New York between Bern and Napoli are not relevant to the claims breach of contract and damages in this case. Plaintiff has *repeatedly* cited to allegations and filings in the New York litigation to undermine the credibility of Mr. Napoli, and certain of his employees. Allegations relating to whether or why Marc Bern

2

or Paul Napoli are or were unhappy law partners with each other are irrelevant, collateral, inflammatory, unfairly prejudicial, inadmissible hearsay, and are additionally properly excluded as inadmissible character evidence. Fed. R. Evid. 401, 402, 403, 608(b)

**Point 4 - Evidence of Other Lawsuits Against Defendants and their Principals**

What is relevant in this case are the facts relating to alleged breach of contract and alleged damages. Whether any named Defendant,[2] Marie Napoli, or Hunter Shkolnick has been a party involved in litigation with anyone else (*i.e.,* Marc Bern, Marc Willick, Mary Keyes in a different court, or anyone else, anywhere else) is not relevant to whether the 2,174 contracts in this case were breached, and whether Plaintiff suffered damages. KLF may seek to introduce the fact that there is or was litigation against Defendants and their principals, and/or introduce the substance of allegations made in other litigation, but such evidence is not only irrelevant and collateral, but also would be highly and unfairly prejudicial to Defendants and should be precluded. Fed. R. Evid. 401, 402, 403.

**Point 5 - The success, wealth, and assets of the Defendants are Irrelevant to the issues in this case.**

The Court should preclude evidence relating to the income, assets, and financial success of the Defendant law firms and Mr. Napoli. Some of the Defendants have been involved in high profile cases generating significant recoveries, and mere mention of the types of cases handled by these Defendants – such as the 9/11 cases, and opioid litigation— is not relevant to this breach of contract case involving asbestos case referrals. Mention of the other types of cases handled by Defendants will not make it more likely or not that there was a breach of contract in this case, or whether there are damages. Fed. R. Evid.

---

[2] Undersigned counsel speaks only for their respective clients, but believes that, to avoid prejudice to the undersigned's clients, the arguments in Points 3-5 herein should apply to all Defendants.

401, 402. Evidence that depicts the Defendants as "deep pocket" defendants, would unfairly prejudice these Defendants because such information would likely render the issues of whether there is a breach, or what damages exist unimportant to the jury, who may unfairly aggrandize Defendants' ability to pay a judgment. Fed. R. Evid. 403. The policies behind Federal Rule of Evidence 411, and its preclusion of mention of liability insurance are analogous to the reasons why the Court should preclude evidence and argument related to Defendants' prior successes and recoveries.

**Point 6 – Plaintiff Should Not Be Permitted to Present Evidence or Opinion Related to Legal Ethics to the Jury.**

The Court ruled from the bench at the November 25, 2019 summary judgment hearing that the remaining substantive issues for the jury to consider are breach of contract, and damages. KLF's damages claim includes expenses that KLF claims Defendants wrongfully and unethically withheld, allegedly in violation of Rule of Professional Conduct 1.5. KLF also claims Defendants violated fiduciary/ethical duties under Rule of Professional Conduct 1.15 by allegedly not safekeeping fees Plaintiff claims are owed.

In this case where there is an adequate remedy at law (a judgment for breach of contract damages), whether funds were properly "safeguarded" under Rule 1.15, and whether some fiduciary duty existed or was breached are not relevant to the issues of breach and damages. Thus, evidence (*i.e.*, expert opinions) regarding these issues is irrelevant, and would cause delay/ unnecessarily lengthen the trial. Fed. R. Evid. 401, 402, 403. Most important: allowing Plaintiff to sling (irrelevant) accusations of "unethical conduct" at Defendants would be unfairly prejudicial to Defendants, particularly where the rules are not intended to serve as a basis for civil liability, or to establish "duties" in civil cases.[3] *Id.*

---

[3] As the Preamble to the New York and Maryland Rules of professional Conduct state: "Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been

**Point 7 – Plaintiff Should not Be Permitted to Mention Discovery Sanctions**

In May, the Court entered (and later modified) an order requiring certain Defendants to pay a portion of Plaintiff's attorneys' fees (the "Sanction"). The Sanction is not relevant to any trial issue but mention of it could cause the jury to believe that Defendants are bad actors who have been required to pay Plaintiff's attorneys' fees, and could confuse the jury into an incorrect belief that the Court favors Plaintiff over Defendants, which would be unfairly prejudicial to Defendants. FRE 401, 402, 403.

**Point 8 – The Court should Preclude Evidence of Bar Complaints and Legal Malpractice Claims against Defendants.**

During discovery, Plaintiff's counsel attempted to make inquiry into bar complaints against Mr. Napoli. Bar Complaints (like legal malpractice claims) are not relevant to any issue at trial, are likely to cause the jury to believe that Mr. Napoli is a "bad person" or a "bad lawyer" or that the other Defendants are "bad" law firms, and thus would cause unfair prejudice to the Defendants. For these reasons, the Court should preclude all evidence of this nature. Fed. R. Evid. 401, 402, 403, 608.

**Point 9 –Evidence that Defendants Do Not Pay their Debts**

While, what Defendants did or did not pay Plaintiff is relevant at trial, evidence of Defendants paying or not paying other firms or people is not relevant to the issues at trial, and would be unfairly prejudicial, and should be precluded. FRE. 401, 402, 403, 608.

**Point 10 – Plaintiff's 31 pages of Exhibits.** On December 3, 2019, six days before trial, Plaintiff served Defendants with a 31-page exhibit list. Seven Exhibits on the list were

---

breached….[The Rules] ***are not designed to be a basis for civil liability.*** *"* *Accord Post v. Bregman,* 349 Md. 142, 168, 707 A. 2d 806, 819 (1998); *People v. Martynov,* 2012 NY Slip Op 51314(U), ¶ 4, 36 Misc. 3d 1213(A), 1213A, 957 N.Y.S.2d 266, 266 (Sup. Ct.) (*citing Niesig v. Team* I, 76 NY2d 363, 370, 558 N.E.2d 1030, 559 N.Y.S.2d 493 (1990)).

"Joint" exhibits, but the vast majority of the ***600+*** item list were Plaintiff's exhibits, including pleadings in this case, even those superseded by amendment (*see* Pltf.'s Ex. List 100-136), pleadings in other disputes involving Defendants (*but see* Point 4 *supra*), transcripts from the May 9 2019 hearing, and "discovery abuses" (*but see* Point 7 *supra*). None of this is relevant and, the idea of introducing tens of thousands of pages to the jury in this 5 day trial will only confuse the jury from the main issues of breach and damages.

    Respectfully submitted,

**OFFIT KURMAN, P.A.**

By: */s/      Meghan K. Finnerty*
Timothy C Lynch, Esquire #12764
Harold M Walter, Esquire # 03387
Eric J Pelletier, Esquire #12716
Meghan K Finnerty, Esquire *pro hac vice*
300 East Lombard Street, Suite 2010
Baltimore, MD 21202
Telephone: 410-209-6400
Facsimile: 410-209-6435
Email: tlynch@offitkurman.com
    hwalter@offitkurman.com
    epelletier@offitkurman.com
    mfinnerty@offitkurman.com
*Counsel for Defendants,*
*Paul J. Napoli, Paul Napoli Law PLLC,*
*Napoli Shkolnik PLLC, Napoli Law PLLC*
*and Napoli Shkolnik & Associates, PLLC*

### CERTIFICATE OF SERVICE

    I, Meghan K. Finnerty, Esquire, hereby certify that on December 4, 2019, copies of the foregoing Motion in Limine were served on all parties in interest in this matter receiving service via the CM/ECF system of the Court or via electronic transmittal.

    By: */s/ Meghan K. Finnerty*
    MEGHAN K. FINNERTY

4813-1959-9022, v. 3