IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| KEYES LAW FIRM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:17-cv-02972-RDB |
| | ) |
| | ) |
| NAPOLI BERN RIPKA SHKOLNIK, LLP, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS NAPOLI BERN RIPKA SHKOLNIK, LLP, NAPOLI BERN, LLP, NAPOLI BERN & ASSOCIATES, LLP, NAPOLI BERN RIPKA, LLP, NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP, LAW OFFICES OF NAPOLI BERN, LLP, LAW OFFICES OF NAPOLI BERN RIPKA & ASSOCIATES, LLP, LAW OFFICES OF NAPOLI BERN RIPKA SHKOLNIK LLP, LAW OFFICES OF NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES LLP, NAPOLI, KAISER, BERN & ASSOCIATES, LLP, AND PASTERNACK TILKER NAPOLI BERN LLP'S
<u>OMNIBUS MOTION *IN LIMINE*</u>**

The Legacy Defendants, by and through undersigned counsel, respectfully move this Court for an order *in limine*, excluding documentary and testimonial evidence concerning:

1. The demise and ultimate dissolution of the relationship between Paul J. Napoli and Marc J. Bern, and their joint business entities;

2. Any other disputes and/or lawsuits against or between any of the Defendants;

3. The character of any of the Individual Defendants, including but not limited to allegations regarding legal ethics;

4. *Napoli, Kaiser, Bern & Associates, LLP v. Keyes Law Firm, LLC, Mary Keyes and Napoli Bern Ripka Shkolnik, LLC*, filed in the Suffolk County, New York, Supreme Court on or about January 15, 2019 (the "NY Action");

5. Discovery Sanctions issued against Mr. Napoli, the Napoli Defendants, and the Legacy Defendants (ECF No. 234), and the now-pending appeal of the same;

6. Prior testimony of the Individual Defendants from unrelated cases;

35674146.1
36259998.1 12/04/2019

7. Pattern and practice, purportedly supporting arguments relating to improper claim handling and/or bad faith;

8. The Individual Defendants' compensation, financial condition, and net worth; and

9. All issues addressed in the Napoli Defendants' *Motion in Limine* filed on December 4, 2019, as if fully set forth herein.

The only remaining issues for the jury as to the Legacy Defendants relate to the amount of damages associated with each of the Subject Clients' claims. In turn, the Court should limit, as irrelevant and inadmissible at trial, any attempt by Plaintiff to stray beyond this Court-prescribed narrow path; including use of documentary and testimonial evidence concerning the above-enumerated items.

## ARGUMENT

A court's ruling on a motion *in limine* is merely a preliminary or advisory opinion which falls squarely within the discretion of the trial court. *Adams v. NVR Homes, Inc.*, 141 F. Supp. 2d 554, 558 (D. Md. 2001). "The primary purpose of an *in limine* ruling is to streamline the case for trial and to provide guidance to counsel regarding evidentiary issues." *Id.* (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd* 469 U.S. 38, 105 S.Ct. 460 (1984)).

**I.    The Materials are Irrelevant.**

The above items are wholly irrelevant to the limited matters before the jury – the settlement dollars flowing from the Subject Clients' settlement of their asbestos claims. Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. To the contrary, the aforementioned materials have no tendency to make the existence of any fact that is of consequence to the determination of the action – establishing the amount of the settlement dollars flowing from the Subject Clients' settlement of their asbestos claims - more probable or

less probable than without the evidence; and thus should be excluded. *See Dorman v. Annapolis OB-GYN Assocs., P.A.*, 781 F. App'x 136, 142 (4th Cir. 2019); *Smith v. Baltimore City Police Dep't*, 840 F.3d 193, 201 (4th Cir. 2016).

II. **The Materials Would Cause Unfair Prejudice, Confusion, Mislead the Jury, Cause Undue Delay, and Waste the Jury's Time and the Court's Time and Resources.**

Although proffered evidence may be relevant, Rule 403 provides that the evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. Even assuming relevance, *arguendo*, the aforementioned materials are highly prejudicial, will cause extreme and unnecessary jury confusion, will mislead the jury, will cause undue delay during an already compressed trial schedule, waste an inordinate amount of time, and wholly undermine the Court's goal of streamlining the case for the jury. *Cinaglia v. Benevicz*, 290 F.R.D. 465, 469 (D. Md. 2013).

More specifically, the Individual Defendants' compensation, financial condition, and net worth are textbook examples of evidence that is both irrelevant and highly prejudicial. Plaintiff has no legitimate basis for admitting such evidence; and any trial presentation on these issues would serve only to waste time, divert the jury's attention from the relevant issues, and inflame class-based bias. Therefore, such evidence should be excluded as irrelevant and highly prejudicial. Courts presume prejudice from the introduction of evidence about a defendant's wealth because it causes the potential that a jury will use their verdict to express biases to those whose income exceeds what they earn. *See e.g., Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994) ("[t]he presentation of evidence of a defendant's net worth creates the potential that juries

will use their verdicts to express biases...particularly those without strong local presences"); *Simms v. Mut. Benefit Ins. Co.*, 137 F. App'x 594, 598 (4th Cir. 2005).

The Court should also exclude evidence relating to prior lawsuits against and between the Defendants as irrelevant and highly prejudicial. The relevance and admissibility of prior lawsuits depends on a probative-prejudice balancing test of the nature of the prior lawsuit, including whether the prior lawsuit is sufficiently related to the instant case, and the purpose for which such evidence will be used at trial. *See* FED. R. EVID 403. Here, the use of documentary or testimonial evidence of unrelated prior lawsuits will not yield evidence sufficiently probative to overcome the risk of unfair prejudice, or confusing the issues for the jury.

Similarly, the Court should exclude any evidence relating to the character of the Individual Defendants, including but not limited to that relating to legal ethics, as such evidence is inadmissible. Rule 404(b) makes inadmissible "evidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *See also Rodriguez v. NNR Glob. Logistics USA Inc.*, 2016 U.S. Dist. LEXIS 46093, at *15 (E.D.N.Y. Mar. 31, 2016) ("[E]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith."); *Blasic v. Chugach Support Servs., Inc.*, 2010 WL 3294353, at *2 (D. Md. Aug. 20, 2010) ("[P]rior acts are 'not admissible to prove the character of a person in order to show action in conformity therewith') (citing FED. R. EVID 404(B)).

Additionally, the purported evidence constitutes hearsay under Federal Rule of Evidence 801. Rule 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801.

4
36259998.1 12/04/2019

will use their verdicts to express biases...particularly those without strong local presences"); *Simms v. Mut. Benefit Ins. Co.*, 137 F. App'x 594, 598 (4th Cir. 2005).

The Court should also exclude evidence relating to prior lawsuits against and between the Defendants as irrelevant and highly prejudicial. The relevance and admissibility of prior lawsuits depends on a probative-prejudice balancing test of the nature of the prior lawsuit, including whether the prior lawsuit is sufficiently related to the instant case, and the purpose for which such evidence will be used at trial. *See* FED. R. EVID 403. Here, the use of documentary or testimonial evidence of unrelated prior lawsuits will not yield evidence sufficiently probative to overcome the risk of unfair prejudice, or confusing the issues for the jury.

Similarly, the Court should exclude any evidence relating to the character of the Individual Defendants, including but not limited to that relating to legal ethics, as such evidence is inadmissible. Rule 404(b) makes inadmissible "evidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *See also Rodriguez v. NNR Glob. Logistics USA Inc.*, 2016 U.S. Dist. LEXIS 46093, at *15 (E.D.N.Y. Mar. 31, 2016) ("[E]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith."); *Blasic v. Chugach Support Servs., Inc.*, 2010 WL 3294353, at *2 (D. Md. Aug. 20, 2010) ("[P]rior acts are 'not admissible to prove the character of a person in order to show action in conformity therewith') (citing FED. R. EVID 404(B)).

Additionally, the purported evidence constitutes hearsay under Federal Rule of Evidence 801. Rule 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801.

4
36259998.1 12/04/2019

## CONCLUSION

For the above reasons, the Legacy Defendants respectfully request that the Court issue an order *in limine* to prohibit statements or argument, the questioning of any witness, or the tendering of any evidence at trial regarding: (1) The demise and ultimate dissolution of the relationship between Paul J. Napoli and Marc J. Bern, and their joint business entities; (2) Any other disputes and/or lawsuits against or between any of the Defendants; (3) The character of any of the Individual Defendants, including but not limited to allegations regarding legal ethics; (4) Napoli, Kaiser, Bern & Associates, LLP v. Keyes Law Firm, LLC, Mary Keyes and Napoli Bern Ripka Shkolnik, LLC, filed in the Suffolk County, New York, Supreme Court on or about January 15, 2019 (the "NY Action"); (5) Discovery Sanctions issued against Mr. Napoli, the Napoli Defendants, and the Legacy Defendants (ECF No. 234), and the now-pending appeal of the same; (6) Prior testimony of the Individual Defendants from unrelated cases; (7) Pattern and practice, purportedly supporting arguments relating to improper claim handling and/or bad faith; (8) The Individual Defendants' compensation, financial condition, and net worth; and (9) All issues addressed in the Napoli Defendants' Motion in Limine filed on December 4, 2019, as if fully set forth herein.

Dated: December 4, 2019

Respectfully submitted,

/s/ *Michelle N. Lipkowitz*
Michelle N. Lipkowitz (Bar No. 27188)
Kayleigh T. Keilty (Bar No. 18969)
Leland Shelton (Bar No. 20682)
Saul Ewing Arnstein & Lehr LLP
500 E. Pratt Street, Suite 800
Baltimore, Maryland 21202
(410) 332-8603 (telephone)
(410) 332-8081 (facsimile)
Michelle.Lipkowitz@saul.com (email)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of December, 2019, a copy of the foregoing was served via electronic mail upon:

    David J. Shuster, Esquire
    Jean E. Lewis, Esquire
    Ezra S. Gollogly, Esquire
    Emily R. Greene, Esquire
    KRAMON & GRAHAM, P.A.
    One South Street, Suite 2600
    Baltimore, Maryland 21202
    *Attorneys for Keyes Law Firm, LLC*

    Eric Pelletier, Esquire
    Timothy C. Lynch, Esquire
    Harold Walter, Esquire
    Meghan Finnerty, Esquire
    OFFIT KURMAN, PA.
    4800 Montgomery Lane, 9th Floor
    Bethesda, Maryland 20814
    epelletier@offitkurman.com
    tlynch@offitkurman.com
    hwalter@offitkurman.com
    mfinnerty@offitkurman.com
    *Attorney for Defendants Paul J. Napoli,*
    *Napoli Shkolnik PLLC, Paul Napoli Law*
    *PLLC, and Napoli Law PLLC*

Date: December 4, 2019      /s Kayleigh T. Keilty
                                                 Kayleigh T. Keilty