

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEYES LAW FIRM, LLC, \*

    Plaintiff, \*

v.      \*    Civil No. RDB-17-2972

NAPOLI BERN RIPKA \*
SHKOLNIK, LLP, *et al.*,
     \*
    Defendants.
     \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

This Court having conducted a hearing on December 4 and 5, 2019, reviewed the submissions of the parties, and heard the argument of counsel, for the reasons stated on the record, IT IS HEREBY ORDERED this 5th day of December, 2019 that:

1. Napoli Defendants' Motion to Exclude Testimony of Charles Mullin and Andrew Evans Concerning Damages (ECF No. 346) is GRANTED IN PART AS MOOT AND DENIED IN PART.

2. Legacy Defendants' Motion to Exclude Testimony of Charles Mullin and Andrew Evans Concerning Damages (ECF No. 365) is GRANTED IN PART AS MOOT AND DENIED IN PART.

3. Napoli Defendants' Motion in Limine (ECF No. 373) is GRANTED IN PART AND DENIED IN PART. Specifically:
   a. Defendants' *Motion in Limine* No. 1 to Exclude References to "Offshore Accounts" is GRANTED.
   b. Defendants' *Motion in Limine* No. 2 to Exclude Evidence of Paul Napoli's marital issues is GRANTED.
   c. Defendants' *Motion in Limine* No. 3 to Exclude Evidence of Certain Details of the "NBRS Breakup" is DENIED.
   d. Defendants' *Motion in Limine* No. 4 to Exclude Evidence of Other Lawsuits against Defendants and their Principals is DENIED.
   e. Defendants' *Motion in Limine* No. 5 to Exclude Evidence of the Success, Wealth, and Assets of Defendants is GRANTED IN PART as to the recoveries in the 9/11 litigation and opioid litigation and DENIED IN PART.

1

    f. Defendants' *Motion in Limine* No. 6 to Exclude Evidence or Opinion Related to Legal Ethics is DENIED. The parties will have one hour each for their legal ethics experts' testimony.
    g. Defendants' *Motion in Limine* No. 7 to Exclude Evidence of Discovery Sanctions is GRANTED. Plaintiff may only state that the Court required an accounting from Defendants.
    h. Defendants' *Motion in Limine* No. 8 to Exclude Evidence of Bar Complaints and Legal Malpractice Claims against Defendants is GRANTED.
    i. Defendants' *Motion in Limine* No. 9 to Exclude Evidence that Defendants do not Pay their Debts is GRANTED.

4. Legacy Defendants' Motion in Limine (ECF No. 382) is GRANTED IN PART AND DENIED IN PART.

5. Plaintiff's Motion in Limine (ECF No. 378) is GRANTED IN PART AND DENIED IN PART. Specifically:
    a. Plaintiff's *Motion in Limine* No. 1 to Exclude the KLF-Bern Settlement Agreement is GRANTED.
    b. Plaintiff's *Motion in Limine* No. 2 to Exclude Defendants' false, defamatory, and irrelevant fraud allegations is GRANTED.
    c. Plaintiff's *Motion in Limine* No. 3 to Exclude Defendants' allegations that KLF performed no legal services is GRANTED.
    d. Plaintiff's *Motion in Limine* No. 4 to Exclude Defense expert Emre Carr's brand new reports and the never-produced documents identified in his new and original reports is GRANTED. Defense expert Emre Carr may testify only as to materials provided to Plaintiff as of the discovery cut-off date of September 26, 2019.
    e. Plaintiff's *Motion in Limine* No. 5 to Exclude Defense expert Ronald Minkoff's brand new opinion is GRANTED.
    f. Plaintiff's *Motion in Limine* No. 6 to Exclude the so-called "50% Rule" is DENIED.
    g. Plaintiff's *Motion in Limine* No. 7 is DENIED as to the need for a legal expert by Defendants to opine that the expenses deducted from amounts due to Plaintiff are fair, reasonable, and necessary.
    h. Plaintiff's *Motion in Limine* to Exclude Testimony by Defense Witness Robert Gitelman as to never-produced documents is GRANTED.

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge