IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEYES LAW FIRM, LLC, | : |
|                     *Plaintiff*, | : |
| | : |
| v. | : |
| | : |
| NAPOLI BERN RIPKA SHKOLNIK, LLP, *et al.*, | :    CASE NO.: 1:17-CV-02972-RDB |
| | : |
|                     *Defendants.* | |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PLAINTIFF'S CLAIM FOR DLF'S FEES BECAUSE DLF HAS DISAVOWED THE PLAINTIFF'S RIGHT TO PURSUE ITS FEE AND IT HAS DISCLAIMED ANY OF ITS FEES.**

Defendants Napoli Shkolnik, PLLC, Napoli Shkolnik & Associates, PLLC, Paul Napoli Law, PLLC, Napoli Law PLLC, and Paul J. Napoli, by and through undersigned counsel, provide this Honorable Court with their Motion in Limine, and in support hereof state:

**A. INTRODUCTION**

The Association Agreements between the Plaintiff, KLF, and NBRS each apportion the attorneys' fee between various law firms, including the bankruptcy firm, The David Law Firm ("DLF"), now known as Cooper Hart ("CH"). In this action, KLF has claimed that it holds the right to sue to recover DLF's portion of the referral fee (typically 10% of the recovery). The Defendants previously moved this court to enter summary judgment (ECF 260) against the Plaintiff in regard to its claimed right to collect a ten percent (10%) referral fee owed to DLF on the basis that DLF had not assigned its cause of action to KLF. The Defendants argued that the Plaintiff should be limited to seeking its own damages of six percent (6%) and it cannot seek fees that were designated by the Association Agreements for DLF. Last evening, counsel for DLF[1]

---

[1] DLF is now known as Cooper, Hart, Leggiero & Whitehead, PLLC ("CH"). CH holds itself out as the successor to DLF. See Ex. 1, Deposition of Brad Cooper at p. 44: 19-25.

1

sent a letter disavowing KLF's right to pursue any fees on its behalf, and disavowing any interest in any fees related to the Subject Clients. (See Ex. 2.) Specifically, counsel for DLF states:

> **As you know, CH is not a party to the Lawsuit and is not being represented by any of the counsel for the various parties. None of the parties or their counsel is authorized to speak for or act for the CH firm. . . As we have discussed, CH does not want or expect any money by virtue of the Lawsuit and hereby relieves KLF of the obligation, if any, to pay a portion of any recovery from the Lawsuit to CH.**

Therefore, by this Motion, Defendants seek an Order precluding KLF from arguing that any award should include anything other than 6% of the total settlements collected.

### B. DLF HAS DISAVOWED PLAINTIFF'S RIGHT TO SEEK FEES ON ITS BEHALF IN THIS CASE.

On Sunday December 8, 2019 at approximately 9:20pm, counsel for DLF sent counsel for the Plaintiff and Counsel for the moving parties a letter stating, *inter alia*, that "CH is not a party to the Lawsuit and is not being represented by any of the counsel for the various parties. **None of the parties or their counsel is authorized to speak _or act for the CH firm_**." See Ex. 2, CH Counsel's letter at p.1 (emphasis added).  The Plaintiff's lawsuit is clearly an action that is attempting to collect DLF's fees.  Paragraphs 40 and 41 of the Plaintiff's Second Amended Complaint (ECF 274) state that the Plaintiff is seeking to recover fees on behalf of DLF. Further, Count II seeks Declaratory Judgment and asks the Court to declare that the Defendants are liable to pay KLF DLF's fees, at paragraph 91.  In Count IV of this complaint, Plaintiff seeks to recover all of DLF's fees from the Defendants.  In Count VI for Constructive Trust at paragraph 118, the Plaintiff states that "KLF and the Bankruptcy Firm have a good and equitable claim to and interest in such shares that is superior to any claim or interest that any defendant might attempt to assert."

The Plaintiff also moved for cross summary judgment as to not only its contractual fee but also on the fees that may have been owed to DLF.  *See* ECF 293, Plaintiff's Opposition to Defendants Motion for Summary Judgment and Cross Motion for Partial Summary Judgement and Sanctions at Section IV. Pp. 70-74.  There can be no debate but that the Plaintiff's lawsuit is an action on behalf of DLF seeking to recover monies on its behalf.

Mr. Cooper of CH testified at his deposition that DLF's agreement with KLF is revocable.  Ex. 1, Cooper dep. at 35:21-36:12; 37-6-9. The letter from CH further states **that "CH does not want or expect any money by virtue of the lawsuit and hereby relives KF of the obligation, *if any*, to pay a portion of any recovery from the Lawsuit to CH."** *See* Exhibit 2 at p. 1. (emphasis added).   CH further states that it "does not have an interest in the Lawsuit." Id. at p. 2.  While CH was not willing to state that KLF ever had the right to pursue these claims ("if any"), that right has been revoked by Exhibit 2.

DLF has now disavowed any interest that it once had in the fees that are at issue in the instant lawsuit and the Plaintiff cannot be permitted to present evidence to the jury that it is entitled to seek such damages.  Under both New York and Maryland law, damages are designed to return a plaintiff to the position it was in prior to the breach of contract.  "The law seeks to encourage reliable contracting by giving the non-breaching party the benefit of the bargain-- placing it in the position it would have occupied had no breach occurred." *National Micrographics Systems, Inc. v. OCE-Industries, Inc.*, 55 Md. App. 526, 538, 465 A.2d 862, 869 (Md. App. 1983).  "Damages are intended to return the parties to the point at which the breach arose and to place the nonbreaching party in as good a position as it would have been had the contract been performed." *Brushton-Moira Cent. Sch. Dist. v. Fred H. Thomas Assocs., P.C.*, 91 N.Y.2d 256, 261, 692 N.E.2d 551, 553, 669 N.Y.S.2d 520, 522, (1998).

If KLF recovers DLF's portion of the contract (an additional 10% of the total Settlements, that she was never entitled to keep), KLF is unjustly enriched. Plaintiff concedes that it has no liability to DLF for breach of contract if it fails to collect fees on DLF's behalf. Plaintiff further concedes that DLF has not assigned its right to collect fees to KLF. (*See* ECF 261, SUF ¶25-29.)

Here, Plaintiff is attempting to obtain an award of damages that includes fees that are not owed to her, but to a non-party that she failed to join in this action, not a declaration without damages that fees are owed to a non-party. Accordingly, this motion seeks to preclude the Plaintiff from asserting any right to collect the ten percent fee for DLF under the Association Agreements.

### C. THERE WAS NEVER AN ASSIGNMENT OF DLF'S RIGHT TO SEEK FEES UNDER THE ASSOCIATION AGREEMENTS.

To recover on an assigned cause of action, KLF must plead and prove that a cause of action capable of being assigned existed and was assigned to it by DLF. There is, however, no evidence that DLF transferred its right to sue to collect those fees to KLF. Indeed, we now know that DLF (now CH) has explicitly revoked KLF's right to seek recovery of these fees. "An assignment is a manifestation by the owner of a right of his intention to transfer such right to the assignee. To recover on an assigned cause of action, one must plead and prove that a cause of action capable of being assigned existed and was assigned to the party alleging the theory of assignment." *Pape Equip. Co. v. I.C.S., Inc.*, 737 S.W.2d 397, 399 (Tex. App. 1987) (internal citations omitted). (Emphasis in original). An assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which the assignor's right to performance by the obligor is extinguished in whole or in part and the assignee acquires a right to such performance. *Commer. Structures &*

*Interiors, Inc. v. Liberty Educ. Ministries, Inc.*, 192 S.W.3d 827, 833 (Tex. App. 2006) (citing Restatement (Second) of Contracts, § 317 (1)) (emphasis added); accord *PSC v. Panda-Brandywine, L.P.*, 375 Md. 185, 197, 825 A.2d 462, 469 (2003). We now have definitive proof that there was no assignment and indeed we have a revocation of any perceived right by KLF to act for DLF to collect these fees.

### D. THE PLAINTIFF CANNOT BE PERMITTED TO ARGUE IT SHOULD RECOVER MONEY TO GIVE TO THE 2,174 CLIENTS.

As a result of the preclusion of Charles Mullin and now the loss of the 10% DLF fees, in an attempt to overstate its right to recovery, KLF now apparently intends to tell the jury that it entered into these contracts "on behalf of the subject clients" and that the clients should get DLF's share of the fees. (*See* e.g., ECF 404, Pretrial Order, Plaintiff's suggested stipulations). The Plaintiff did not bring this claim and has no standing to bring such a claim on behalf of the 2,174 clients at issue – many of whom are deceased. Just as DLF never assigned its right to collect fees to KLF, the 2,174 Subject Clients have not assigned any action to KLF. Further, allowing the Plaintiff to argue this to the jury is inflammatory, legally baseless, and would be highly prejudicial to the Defendants.

Plaintiff sued on the theory that she was not paid referral fees, and cannot be permitted to change her theory of the case at the last minute because DLF verified the position that the Defendants have been advancing for many months. Such a theory was not pled, briefed or advanced anywhere by the Plaintiff, and has no legal basis in the law.

### E. <u>CONCLUSION</u>

For the foregoing reasons, the Moving Parties request this Honorable Court enter an order precluding the Plaintiff from acting or presenting argument or evidence that it is entitled to collect anything other than the 6% of fees it is entitled to under the contract, and

it is not entitled to collect any fees or damages on behalf of DLF/Cooper Hart, or the Subject Clients.

        Respectfully submitted,

        **OFFIT KURMAN, P.A.**

        By: */s/          Meghan K. Finnerty*
        Timothy C Lynch, Esquire #12764
        Harold M Walter, Esquire # 03387
        Eric J Pelletier, Esquire #12716
        Meghan K Finnerty, Esquire *pro hac vice*
        300 East Lombard Street, Suite 2010
        Baltimore, MD 21202
        Telephone: 410-209-6400
        Facsimile: 410-209-6435
        Email: tlynch@offitkurman.com
              hwalter@offitkurman.com
              epelletier@offitkurman.com
              mfinnerty@offitkurman.com
        *Counsel for Defendants,*
        *Paul J. Napoli, Paul Napoli Law PLLC,*
        *Napoli Shkolnik PLLC, Napoli Law PLLC*
        *and Napoli Shkolnik & Associates, PLLC*

## **CERTIFICATE OF SERVICE**

    I, Meghan K. Finnerty, Esquire, hereby certify that on December 9, 2019, copies of the foregoing Motion in Limine were served on all parties in interest in this matter receiving service via the CM/ECF system of the Court or via electronic transmittal.

                                                   By: */s/ Meghan K. Finnerty*
                                                          MEGHAN K. FINNERTY

4821-9748-2926, v. 2