IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| KEYES LAW FIRM, LLC, | * |
| Plaintiff, | * |
| v. | * |
| | Case No.: 1:17-cv-02972-RDB |
| NAPOLI BERN RIPKA SHKOLNIK, LLP, *et al*. | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

# PLAINTIFF KEYES LAW FIRM, LLC'S MOTION
# REQUESTING AWARD OF ATTORNEYS' FEES AND COSTS

Pursuant to Fed. R. Civ. P. 54 and Local Rule 109.2.a., Plaintiff Keyes Law Firm, LLC ("KLF") moves this Honorable Court for an award of attorneys' fees and costs against all Defendants identified in this Court's December 19, 2019 Order of Judgment (ECF 428),[1] Defendant Paul J. Napoli, and Defendant Napoli Bern Ripka Shkolnik LLP (collectively, "Defendants"). In support of this motion, KLF states:

1. This motion is filed pursuant to Local Rule 109.2.a. within 14 days of entry of the judgment on the Jury's verdict in this case. This Court should award to KLF its attorneys' fees and costs against Defendants for their continuous discovery violations and bad-faith and vexatious litigation conduct throughout this entire action. KLF will file a supporting

---

[1] They are: Paul Napoli Law PLLC; Napoli Law PLLC; Napoli Shkolnik, PLLC; Napoli Shkolnik & Associates PLLC; Napoli Bern LLP; Napoli Bern & Associates LLP; Napoli Bern Ripka & Associates LLP; Napoli Bern Ripka LLP; Napoli Bern Ripka Shkolnik & Associates LLP; Law Offices of Napoli Bern LLP; Law Offices of Napoli Bern Ripka & Associates LLP; Law Offices of Napoli Bern Ripka Shkolnik LLP; and Law Offices of Napoli Bern Ripka Shkolnik & Associates LLP.

memorandum meeting the requirements of Local Rule 109.2.b. and detailing KLF's entitlement to an award of fees and costs within the timeframe provided by Local Rule 109.2.a.

2.     Earlier in this action, on September 24, 2019 (*nunc pro tunc* to September 6, 2019), this Court entered a Judgement Awarding Fees and Expenses (ECF 234) against all Legacy Defendants and Napoli Defendants in the amount of $316,873.12 for violations of discovery and related orders through May 9, 2019 (the date of this Court's Show Cause Hearing).

3.     The instant motion concerns misconduct occurring after that date.  Unfortunately, Defendants' misconduct persisted after the Show Cause Hearing and, in many instances, worsened.  Defendants continued to violate discovery and they engaged in other vexatious and bad-faith conduct right up until and during trial.  The record is replete with examples, and at various points during the trial this Court expressly commented upon such conduct.  To name only a few:

   a.     The conduct described in the Timeline of Discovery Abuses and Violations of Court Orders (Exhibit 2 of ECF 293) through October 24, 2019.

   b.     Defendants' refusal, ever, to provide a full and complete accounting, despite their legal obligation to do so and despite having been ordered to do so by this Court (ECF 186).  Through no less than four sets of law firms (Saul Ewing for the Legacy Defendants; Rosenberg Martin, and then Mintz Levin, and now Offit Kurman for the Napoli Defendants), Defendants repeatedly represented to this Court and to KLF that they had complied with their discovery obligations and had provided full and complete accountings.  Each such representation proved to be untrue, and the unfortunate reality is that Defendants have never fully accounted for the recoveries of the 2,174 subject clients.  After their respective counsel at Saul Ewing and Mintz Levin conceded on the record that KLF is entitled to an accounting, Defendants suddenly

reversed course during summary judgment briefing and proclaimed they had no such duty. *See* KLF's Omnibus Brief on summary judgment, ECF 293 at 21, detailing defense counsel's affirmative representations to the Court that KLF is "[a]bsolutely" entitled to an accounting. The Jury's verdict conclusively establishes that Defendants never provided a full and complete accounting.

        c.      Defendants have defended this action in bad-faith and have adopted positions in this litigation purely for the purpose of retaliating against KLF for enforcing its legal rights against them.  As an example, the very first time any one of the Defendants affirmatively acknowledged that money was due KLF was when Mr. Napoli testified on December 17, 2019 during his direct examination (although, even then, he grossly understated the amount due).[2] Yet, dating back to a year before suit was filed in October 2017 and through the middle of trial, Mr. Napoli and his assignee/alter-ego entities persisted in denying any liability to KLF.  Instead of being honest and acknowledging the debt obligation, Defendants did the exact opposite — they engaged in a bad-faith defense that included obstructing discovery, withholding and concealing evidence, and retaliatory maneuvers (like, for example, suing Ms. Keyes in New York under the theory that the instant action constitutes an abuse of process).[3]  Beginning in approximately April 2019 (as the May 9, 2019 Show Cause Hearing was fast approaching), Defendants suddenly began to resume payments to KLF.  But, at the same time they were

---

[2] Indeed, during opening statements, before the Court had to intervene, defense counsel was getting ready to advise the Jury that no money was owed to KLF. *See* ECF 413, 12/9/19 Trial Tr. at 38.

[3] Demonstrating that the New York action was nothing more than bad-faith, vexatious litigation against Ms. Keyes and KLF, Defendant Napoli Law PLLC (the alter-ego entity of Mr. Napoli), suddenly dismissed that action on New Year's Eve 2019.  Apparently, Defendants hope to avoid a ruling on the pending sanctions motion in that action by unilaterally withdrawing their baseless complaint after months of litigation.

resuming payments, they were also denying money was owed. Indeed, their inconsistent behavior continued up until the eve of trial: on Friday, December 6, 2019 (just one business day before the start of trial), Ms. Keyes retrieved a box of checks from her P.O. Box that Defendants had sent. The box contained approximately 500 checks totaling $322,000. *See* Plaintiff's Trial Ex. 1218. The box contained no cover letter; no settlement statements; and no written explanation whatsoever as to the total amounts of the settlements to which the checks corresponded. Yet, throughout this entire litigation, Defendants persisted in denying any liability to KLF and forced KLF to engage in an nine-day jury trial. And, during trial, Mr. Napoli falsely testified under oath that, *inter alia*, payments were being made to KLF on a "rolling basis."

        d.        On December 4, 2019, three business days before trial, Defendants delivered new self-authored spreadsheets that purported to constitute the accounting that Defendants had theretofore failed to provide. These new spreadsheets confirmed that the information produced during discovery was incomplete. But they were unsubstantiated and, as explained by KLF's expert, Andrew Evans, were incomplete and contained additional errors. Considerable time and resources were expended by KLF to attempt to analyze these new materials on the eve of trial and to prepare to deal with this "new" data (much of it years old) within the contours of the trial.

        e.        Defendants hired a forensic accountant (Mr. Kranzler) but decided not to engage him to perform a forensic accounting. Indeed, when Mr. Napoli, Ms. Napoli, and Sal Badala met with Mr. Kranzler to discuss his engagement, they represented to him that someone else (Dr. Carr of FTI) would be doing a forensic accounting. That was false. It is undisputed that Dr. Carr did not audit or conduct a forensic examination of the Defendants' books and records to determine the amounts owed to KLF.

    f. Defendants repeatedly had their experts "supplement" their reports after the close of discovery and with information that was never provided to KLF. This caused substantial additional work on KLF's part during summary judgment and motion *in limine* briefing, oral argument, and witness preparation.

    g. Defendants adopted numerous bad-faith litigation positions, including during trial. For example, Defendants misrepresented New York law on assignment, which unnecessarily delayed the charge conference into the evening and required KLF's counsel to engage in substantial and unnecessary late-night legal research and briefing on the eve of closing arguments. *See* ECF 424, Plaintiff's counsel's December 17, 2019 Letter to the Court. Also, for example, during opening statements, counsel for the Napoli Defendants misrepresented to the Jury who he represented. To create the illusion of separate entities, Mr. Walters advised the Jury that he and Mr. Pelletier represented Mr. Napoli and Paul Napoli Law, PLLC (without telling the Jury they also represented the other Napoli Defendants) and that Ms. Finnerty (of the same firm) "is representing certain other law firms" (referring to Napoli Shkolnik PLLC, Napoli Shkolnik & Associates PLLC and Napoli Law PLLC), without telling the Jury she also represented Mr. Napoli and Paul Napoli Law, PLLC. *See* ECF 413, 12/9/19 Trial Tr. at 67-81. In addition, counsel for the Legacy Defendants improperly made statements that were specifically covered by rulings on motions in *limine* (*i.e.*, referring to KLF as a "middleman" and stating that KLF did none of the work). *See* ECF 413, 12/9/19 Trial Tr. at 26-49.

    h. Defendants refused to admit basic facts in response to KLF's requests for admissions of fact.

  4. In no uncertain terms, the behavior of Mr. Napoli and his alter-ego/assignee entities was tactical and designed to punish and wear down KLF for bringing this action. As a

sophisticated lawyer and collection of law firms, Defendants drove up the costs of discovery and trial beyond all reasonable bounds and unnecessarily (and purposefully) prolonged and delayed the proceedings.  Defendants' behavior in this case is consistent with the same playbook Mr. Napoli and his firms have employed in other litigation — anyone who dares to enforce legal rights against him is forced to endure bad-faith and vexatious litigation by Mr. Napoli.

5. If there were any doubt about Defendants' bad-faith approach during this entire case, it was erased when counsel for the Napoli Defendants (apparently speaking for all defendants) made the following statement in an article appearing in the New York Law Journal on December 26, 2019:

> "The decision against Napoli Bern by a jury has no basis in fact or law," said Timothy Lynch of Offit Kurman, who represented Napoli Bern along with Harold Walter, Meghan Finnerty and Eric Pelletier.  "The court's errors of law tainted the factual process which make this decision ripe for reversal on appeal."

*See* Samantha Stokes, *Jury: NY Firm On Hook for $1.5M in Asbestos Litigation Fees*, New York Law Journal (Dec. 26, 2019) (https://www.law.com/newyorklawjournal/2019/12/26/jury-ny-firm-on-hook-for-1-5m-in-asbestos-litigation-fees/).

6. Given Defendants' misconduct, this Court appropriately advised all parties during trial that the Court would award KLF its attorneys' fees and costs.  As recognized by this Court, and as outlined in KLF's prior briefings (*e.g.*, ECF 293 at 75-80; ECF 358 at 16-20), this Court has ample grounds and is authorized to award fees and costs to KLF for Defendants' misconduct at every turn in this case.  That authority includes but is not limited to:

   a. Rule 37(b)(2)(C)(authorizes the Court to award fees and expenses for a party's failure to comply with a discovery order);

      b.      Rule 37(c)(1)(A)(authorizes the Court to award fees and expenses for a party's failure to supplement discovery responses);

      c.      Rule 37(c)(2)(authorizes the Court to award fees and expenses for a party's failure to admit facts);

      d.      The Court is vested with inherent power to sanction for abusive conduct by a litigant. *See, e.g., United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993) ("Under the inherent power, a court may issue orders, punish for contempt, vacate judgments obtained by fraud, conduct investigations as necessary to exercise the power, bar persons from the courtroom, **assess attorney's fees**, and dismiss actions." (emphasis added)); *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 375 (4th Cir. 2013) (the Court may exercise "its inherent authority to impose sanctions *sua sponte* and must consider the whole of the case in choosing the appropriate sanction.");

      e.      Pursuant to 28 U.S.C. § 1927, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Semon v. Brandon*, 2008 WL 11450574, at *4 (E.D.N.Y. Nov. 15, 2008) (internal quotation marks and citation omitted). A court may impose sanctions pursuant to its inherent power when it finds that "'(1) the challenged claim was without a colorable basis and (2) the claim was asserted in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay.'" *Semon*, 2008 WL 11450574, at *4 (quoting *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)). The practical difference between sanctions awarded pursuant to a court's inherent power and those awarded pursuant to § 1927 is that "'awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts

while an award made under the court's inherent power may be made against an attorney, a party, or both.'" *See also Letren v. Trans Union, LLC*, 2017 WL 4098743, at *6 (D. Md. Sept. 15, 2017) ("A party has acted in bad faith if he or she 'knowingly or recklessly raises a frivolous argument . . . for the purpose of harassing an opponent.'"); and

   f. Fed. R. Civ. P 11(b).

 7. For the foregoing reasons, and for the reasons to be more fully explained in KLF's supporting memorandum, to be filed pursuant to Local Rule 109.2.b, KLF requests that this Court award to KLF its fees and costs in the amounts to be set forth in that memorandum.

Dated: January 2, 2020.        Respectfully submitted,

                    */s/ David J. Shuster*
                   Andrew Jay Graham (Bar No.: 00080)
                   David J. Shuster (Bar No.: 23120)
                   Jean E. Lewis (Bar No.: 27562)
                   Ezra S. Gollogly (Bar No.: 28088)
                   John A. Bourgeois (Bar No.: 11834)
                   Emily R. Greene (Bar. No.: 20302)
                   KRAMON & GRAHAM, P.A.
                   One South Street, Suite 2600
                   Baltimore, Maryland 21202
                   (410) 752-6030
                   (410) 539-1269 (fax)

                   *Attorneys for Plaintiff Keyes Law Firm, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 2nd day of January 2020, a copy of the foregoing paper was served via ECF and electronic mail to:

    Timothy C. Lynch, Esquire
    Eric Pelletier, Esquire
    Harold Walter, Esquire
    Meghan K. Finnerty, Esquire
    OFFIT KURMAN, PA.
    4800 Montgomery Lane, 9th Floor
    Bethesda, Maryland  20814
    epelletier@offitkurman.com
    tlynch@offitkurman.com
    hwalter@offitkurman.com
    mfinnerty@offitkurman.com

> *Attorney for Defendants Paul J. Napoli, Napoli Shkolnik PLLC, Paul Napoli Law PLLC, and Napoli Law PLLC, Napoli Shkolnik & Associates, PLLC*

    William N. Sinclair, Esquire
    Silverman Thompson Slutkin White
    201 North Charles Street, 26th Floor
    Baltimore, Maryland 21201
    bsinclair@mdattorney.com

> *Attorney for Defendants Bern Ripka LLP, Marc J. Bern & Partners LLP, and Marc Jay Bern*

    Michelle N. Lipkowitz, Esquire
    Leland Shelton, Esquire
    Kayleigh T. Keilty, Esquire
    Saul Ewing Arnstein & Lehr LLP
    500 East Pratt Street, Suite 900
    Baltimore, Maryland 21202-3133
    mlipkowitz@saul.com
    leland.shelton@saul.com
    kayleigh.keilty@saul.com

> *Attorney for Defendants Napoli Bern Ripka & Associates, LLP, Napoli Bern Ripka Shkolnik, LLP, Napoli Bern, LLP, Napoli, Bern & Associates, LLP, Napoli Bern Ripka LLP, Napoli Bern Ripka Shkolnik & Associates, LLP, Law Offices of Napoli Bern, LLP, Law Offices of Napoli Bern Ripka & Associates LLP, Law Offices of Napoli Bern Ripka Shkolnik LLP, Law Offices of Napoli Bern Ripka Shkolnik &*

*Associates LLP, Napoli, Kaiser, Bern & Associates, LLP, and Pasternack Tilker Napoli Bern LLP*

*/s/ David J. Shuster*
David J. Shuster