LAW OFFICES
# KRAMON & GRAHAM, P. A.
ONE SOUTH STREET
SUITE 2600

**BALTIMORE, MARYLAND 21202-3201**

TELEPHONE: (410) 752-6030
FACSIMILE: (410) 539-1269

www.kramonandgraham.com

DAVID J. SHUSTER

ALSO ADMITTED IN DC

E-MAIL
dshuster@kg-law.com
DIRECT FACSIMILE
(410) 361-8229

December 31, 2019

**By ECF**
The Honorable Richard D. Bennett
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re: *Keyes Law Firm, LLC v. Napoli Bern Ripka Shkolnik, LLC, et al.*
          Civil Action No. RDB-17-02972

Dear Judge Bennett:

      The purpose of this letter is to outline, from Plaintiff's perspective, the remaining matters to be addressed post-trial by the Court and by the parties and to advise the Court of Plaintiff's proposed plan for presenting these matters to the Court. Yesterday afternoon, Ms. Lewis and I had a telephone conference with Ms. Finnerty (counsel for the Napoli Defendants) and Ms. Lipkowitz and Ms. Keilty (counsel for the Legacy Defendants) to discuss these matters.

      1. **Determination of the Constructive Trust Amount and Related Adjudications Pursuant to Count 2 (declaratory judgment) and Count 6 (constructive trust) of Plaintiff's Second Amended Complaint (ECF 274).** As Your Honor will recall, after 9 p.m. on Sunday, December 8, 2019, counsel for Cooper, Hart, Leggiero & Whitehead, PLLC (f.k.a. as the David Law Firm) ("Cooper Hart") circulated a letter to Plaintiff's counsel and defense counsel, advising that KLF is relieved of its obligation to remit to Cooper Hart its share of the gross recoveries of the 2,174 subject clients, *i.e.*, 10% of the gross recovery. Immediately before the start of trial, and at various points throughout trial, the Court discussed and heard argument on how to address the Cooper Hart development. It is Plaintiff's understanding that the Court will address the development within the context of the relief sought under the constructive trust (count 6) and declaratory judgment (count 2) counts. Based on yesterday's telephone conference among counsel, the parties generally agree that there are two main parts to this issue: (a) determining the dollar amount of the share relinquished by Cooper Hart; and (b) determining how and to whom that amount should be distributed.

      With respect to part (a), by **January 16, 2020** (the date established pursuant to this Court's December 27, 2019 Order (ECF 448) for the submission of post-trial briefing), the parties will endeavor to provide the Court with a stipulated amount that represents the share

17249/0/03239488.DOCXv3

Proposed Post-Trial Briefing Schedule
**APPROVED** this 2nd day of January, 2020.

*/s/ Richard D. Bennett*
Richard D. Bennett
U.S. District Judge

The Honorable Richard D. Bennett
December 31, 2019
Page 2

relinquished by Cooper Hart. In this regard, the jury determined that the total settlement recovery for the claims of the 2,174 subject clients is $45,300,000. *See* Verdict Sheet (ECF 445). Ten percent (10%) of that amount is $4.53 million. A deduction will need to be made to account for amounts that were previously remitted to Cooper Hart. I am hopeful the parties will be able to reach an agreement on the final, net amount of the share relinquished by Cooper Hart.

With respect to part (b), in the coming days the parties will discuss whether they can also come to an agreement. On **January 16, 2020**, the parties will either submit a joint-proposal or, to the extent there is not a consensus, submit two-page letters to the Court outlining their respective positions on this subject.

2.  **Prejudgment Interest.** Your Honor advised that the Court would address prejudgment interest as a post-judgment matter. Now that the jury has determined the principal amount owed to Plaintiff, Plaintiff proposes to present the prejudgment-interest calculation to the Court within the context of the post-trial briefing that will begin **January 16, 2020**.

3.  **Application for Fees and Costs.** Plaintiff's motion for fees and costs is due **January 2, 2020**, *i.e.*, 14 days after entry of the judgment (December 19, 2019), as provided by Rule 54 and by Local Rule 109.2.a. Pursuant to Local Rule 109.2.a, Plaintiff's supporting memorandum under Local Rule 109.2.b is due 35 days from the date the motion is filed (or **February 6, 2020**. Therefore, Plaintiff will plan to file its supporting memorandum on or before **February 6, 2020**.

Of course, if the Court prefers that we address these issues in a different manner, I am happy to work with Chambers to schedule a conference call to discuss that approach with all parties.

Respectfully submitted,

/s/

David J. Shuster
Counsel for Plaintiff

cc:   All counsel of record by ECF