IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**KEYES LAW FIRM, LLC,**              *

    **Plaintiff,**              *      Civil Action No. RDB-17-2972

    v.              *

**NAPOLI BERN RIPKA SHKOLNIK,** *
**LLP,** *et al.*,

    **Defendants.**              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

Pending before this Court is Michelle N. Lipkowitz, Kayleigh T. Keilty, Leland S. Shelton, and Saul Ewing Arnstein & Lehr, LLP's Motion for Leave to Withdraw Appearances as Counsel for Defendants Napoli Bern Ripka Shkolnik, LLP, Napoli Bern, LLP, Napoli, Bern & Associates, LLP, Napoli Bern Ripka, LLP, Napoli Bern Ripka Shkolnik & Associates, LLP, Law Offices of Napoli Bern, LLP, Law Offices of Napoli Bern Ripka & Associates LLP, Law Offices of Napoli Bern Ripka Shkolnik LLP, Law Offices of Napoli Bern Ripka Shkolnik & Associates LLP, Napoli, Kaiser, Bern & Associates, LLP, Pasternack Tilker Napoli Bern, LLP, and Napoli Bern Ripka & Associates, LLP ("Legacy Defendants"). (ECF No. 591.)

Local Rule 101.1(a) provides that "[a]ll parties other than individuals must be represented by counsel." Local Rule 101.1(a) (D. Md. 2018). Local Rule 101.2(b) provides,

> In the case of any party other than an individual, including corporations, partnerships, unincorporated associations and government entities, appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that the written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and

>  notifying it that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it.

Local Rule 101.2(b) (D. Md. 2018).  Further, "[i]n the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate…." *Id.*

Whether to allow withdrawal is committed to the discretion of the district court. *Abbott v. Gordon*, No. DKC-09-0372, 2010 WL 4183334, at *1 (D. Md. Oct. 25, 2010).  The Court must consider the potential prejudice to the parties and the potential disruption to the administration of justice.  *Al-Sabah v. Agbodjobe*, No. ELH-17-730, 2019 WL 1472585, at *3 (D. Md. Apr. 3, 2019).  Here, thirty days have passed since counsel's motion to withdraw, and there has been no entry of appearance of new counsel for the Legacy Defendants.  Although the United States Court of Appeals for the Fourth Circuit granted Michelle N. Lipkowitz and Kayleigh T. Keilty's motion to withdraw from further representation *on appeal* (Order of USCA, ECF No 592), this Court is not so inclined to allow withdrawal of counsel when there has been no entry of new counsel for the Legacy Defendants, which, as partnerships, must be represented by counsel.

This case has endured numerous withdrawals of counsel representing the various Defendants.  In September of 2018, Mitchel Greenberg and the Law Office of Mitchell A. Greenberg withdrew their appearance as counsel for all Defendants.  (ECF Nos. 70, 73.)  In April of 2019, the Court granted Rosenberg Martin Greenberg LLP's motion to withdraw as counsel for Paul Napoli and the Napoli firm Defendants.  (ECF No. 185.)  In November of 2019, Michelle Lipkowitz and Leland Shelton of Saul Ewing Arnstein & Lehr LLP attempted to withdraw their appearance as counsel for the Legacy Defendants.  (ECF No. 322.)  The

Court denied that attempt based on the pending summary judgment motions and upcoming trial that was only weeks away. (ECF No. 324.) In December of 2019, a jury returned a verdict in favor of Plaintiff against Paul Napoli, individually, and against the Napoli firm Defendants and the Legacy Defendants, except for Napoli Kaiser Bern & Associates LLP and Pasternack Tilker Napoli Bern LLP. (ECF Nos. 445, 446.) The case is now on appeal with the Fourth Circuit. (ECF Nos. 585, 586.)

In light of the history of this case, this Court will not permit Michelle N. Lipkowitz, Kayleigh T. Keilty, Leland S. Shelton, and Saul Ewing Arnstein & Lehr, LLP to withdraw as counsel for the Legacy Defendants without the entry of appearance of new counsel for these partnerships that cannot represent themselves. The Court is prepared to allow the *pro hac* admission of new counsel and will entertain a renewed motion for withdrawal by Michelle N. Lipkowitz, Kayleigh T. Keilty, Leland S. Shelton, and Saul Ewing Arnstein & Lehr, LLP upon satisfaction of the Local Rules. Accordingly, Michelle N. Lipkowitz, Kayleigh T. Keilty, Leland S. Shelton, and Saul Ewing Arnstein & Lehr, LLP's Motion for Leave to Withdraw Appearances as Counsel for the Legacy Defendants (ECF No. 591) is DENIED WITHOUT PREJUDICE TO REFILE.

IT IS SO HEREBY ORDERED THIS 9TH DAY OF FEBRUARY, 2021.

                                                     /s/
                                             Richard D. Bennett
                                             United States District Judge