IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| KEYES LAW FIRM, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:17-cv-02972 |
| NAPOLI BERN RIPKA SHKOLNIK, LLP, *et al.*, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**NAPOLI DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATIONS ON THE ISSUE OF SANCTIONS (ECF NO 636)**

By and through their undersigned counsel, Defendants Paul J. Napoli, individually; Napoli Shkolnik, PLLC; Napoli Shkolnik & Associates, PLLC; Paul Napoli Law, PLLC; and Napoli Law, PLLC (collectively, "Defendants"), object to Magistrate Judge Copperthite's "Report and Recommendation" (ECF No. 636) (the "Report") on the issue of sanctions and, pursuant to Fed. R. Civ. P. 72, state:

**I.     INTRODUCTION**

Pursuant to this Court's Order (ECF No. 627), Magistrate Judge Copperthite conducted a hearing on the issue of sanctions. On May 22, 2023, Judge Copperthite issued his Report. Defendants continue to disagree with the imposition of sanctions for the matters raised in ECF No. 606, for the reasons stated in ECF No. 614, and all of their prior briefs on the issue.[1] Pursuant to Fed. R. Civ. P. 72, Defendants timely file the specific objections raised below for this Court to consider and review.

---

[1] ECF Nos. 606, 614, and 620 largely consolidate prior briefing that appears in ECF Nos. 452, 464, 465, 484, 493, 503, 507, 510, 518, 519, 523, and 527.

II.     **SPECIFIC OBJECTIONS**

   A.   **DEFENDANTS OBJECT TO THE FINDING THAT THEY CLAIMED THAT THE COURT "LACKED AUTHORITY" TO ISSUE SANCTIONS**

Judge Copperthite's Report states:

> First and foremost, I find no credibility in Defendants' arguments set forth in their Opposition *that this Court lacks authority to sanction*. To state that this Court lacks authority to impose sanctions in this case is not just legally incorrect, it intentionally ignores the law. . . . Defendants here ignore Supreme Court decisions, Fourth Circuit law, and the statutory authority that forms the authority of the Court to conduct its business.

Report at 7 (emphasis added).

Defendants *did not* maintain that this Court "lacks authority" to issue sanctions, and Judge Copperthite's threshold finding is incorrect. In "Defendants' Opposition to Plaintiff Keyes Law Firm, LLC's Post Appeal Memorandum Supplementing and Restating its Pending Motion Requesting Award of Attorneys' Fees and Costs" (ECF No. 614) (the "Opposition"), Defendants expressly acknowledged the Court's power to sanction: "We agree, of course, that in general this Court has both inherent authority and authority under 28 U.S.C. § 1927 to issue sanctions, in extraordinary cases, for abusive conduct in litigation it oversees . . . ." *Id*. at 14. Thus, Judge Copperthite is simply incorrect to have found that Defendants claimed that this Court lacks the power to sanction.

In an apparent reference to *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123 (1991), the Report concludes that in opposing sanctions, Defendants "ignore[d] Supreme Court decisions" and other authority. Report at 7.[2] However, Defendants discussed *Chambers* extensively in their

---

[2] *Chambers* is the seminal decision establishing the boundaries for the inherent power of a federal court to impose sanctions. *Chambers* involved the sanctioned party's myriad egregious actions, which the Supreme Court described as a whole as being a "fraud on the [district] court." *Id.*, 501 U.S. at 54, 111 S. Ct. at 2138.

original "Motion to Strike, or in the Alternative, Memorandum in Opposition to Supplement to Plaintiff KLF's Motion Requesting Award of Attorney's Fees and Costs." [3] *See* ECF No. 518 at 9, note 6, and 10-11.  In their Opposition (ECF No. 614), Defendants also discussed and distinguished the main case Plaintiff relied on regarding inherent powers, *Semon v. Brandon*, No. 08-CV-499 (ADS) (AKT), 2008 U.S. Dist. LEXIS 131334 (E.D.N.Y. Nov. 15, 2008).  Also, to the extent that Defendants made *any* argument about legal authority to award fees, their argument was that authority was lacking "*on this record*," Opposition (ECF No. 614) at 19 (emphasis added) – they took no issue with the inherent authority of a federal court to impose sanctions, in general, in appropriate circumstances.

The arguments related to the New York litigation address the extension of inherent powers of a kind that the Fourth Circuit has not addressed.  Defendants acknowledge that two courts in this district have addressed use of inherent powers to sanction in two cases involving *pro se* parties, who were convicted murderers who predicated their federal lawsuits upon evidence they fabricated and used to secure their exoneration in state court proceedings.  *See e.g., Johnson v. Baltimore Police Dep't.*, 2022 WL 9976525 (D. Md. Oct 14, 2022) and *Dewitt v. Ritz*, No. CV DKC 18-3202, 2021 WL 915146 (D. Md. Mar. 10, 2021).  The unique and egregious facts of those cases render them disanalogous and of no value for use in addressing the issues in this case.

Plaintiff cited inherent power cases (such as *Johnson* and *Dewitt*) in its Reply Memorandum that did not appear in its primary brief, or any prior briefing. ECF No. 629 at 8-9. Defendants did not "ignore" these cases.  Instead, because Plaintiff cited these cases in its Reply

---

[3] Notably, *Chambers* did not involve – or even address – a situation in which one federal court was asked to sanction a party for actions taken before a different federal court, *i.e.*, a court with *its own* inherent power to sanction.  Instead, *Chambers* involved bad acts committed in FCC proceedings.

memorandum which was filed *after* Defendants filed their Opposition, Defendants had no opportunity to brief them.

Judge Copperthite heavily relied on one case from Plaintiff's Reply Memorandum, *Roche Diagnostics Corp. v. Priority Healthcare*, but in it, the court **declined** to impose sanctions for activity before another federal court, because, among other things, there was no appellate guidance from the Eleventh Circuit on the issue. *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-CV-01479-KOB, 2020 WL 2308319, at *6 (N.D. Ala. May 8, 2020) ("For these reasons, especially in the absence of clear guidance from the Eleventh Circuit or persuasive authority from sister courts, the court will exercise caution and only consider behavior pursuant to the instant case."). If anything, the court's position in *Roche Diagnostics Corp.* supports Defendants' position that, particularly because there is no guidance from the Fourth Circuit, this Court should not issue sanctions for actions taken before a different federal court.

### B. DEFENDANTS ALSO OBJECT TO THE FINDING THAT DEFENDANTS DID NOT ADDRESS THE *JOHNSON* FACTORS AND THE REPORT'S FAILURE TO ADDRESS THE EIGHTH *JOHNSON* FACTOR

The Report's lodestar analysis considered only four of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (*abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).[4] In doing so, the Report wholly adopted Plaintiff's lodestar analysis: "In general, as the Court did in the prior award, I adopt the arguments set forth

---

[4] The Report properly noted that the twelve *Johnson* factors are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Report at. 15-16 (*citing Barber v. Kimbrell's Inc.*, 577 F.2d 216,226 n.28 (4th Cir. 1978)).

by Plaintiff with respect to the *Johnson* factors, with some specific comments." Report at 18. However, Plaintiff's analysis ignored the issues that Defendants raised regarding the amount in controversy and the results obtained. The same is true of the Report's analysis, which only added an analysis of the first, second, third, and twelfth *Johnson* factors. *Id*. In performing this exercise, Judge Copperthite overlooked and omitted the most important factor, the eighth factor, which addresses "the amount in controversy and the results obtained." Judge Copperthite wholly declined to consider this factor, and instead found that Defendants' arguments related to this factor were "irrelevant":

> Napoli here attempts to shift the focus of the motion – an appeal for fees related to misconduct – to simply arguing that Plaintiff is not entitled to fees because: (1) it failed to achieve success in the underlying litigation; (2) the offer to settle was close to the judgment; and (3) Plaintiff, not Defendants, caused all of the delay and additional litigation.

Report at 6.

> In the alternative, Defendants, in their briefing, argue the fees requested are not reasonable. Instead of arguing the reasonableness of the fee petition under the *Johnson* factors, Defendants begin their journey along the wrong road by arguing both in their briefings and at the hearing that: (1) Plaintiff rejected a reasonable settlement offer; (2) Plaintiff's lack of success warrants denial of fees; and (3) the initial Bates White damages theory was unsupported. ECF No. 614. Not only are these arguments ***irrelevant***, they are simply another means of unnecessary litigation.

*Id*. at 7 (emphasis added).

Defendants *did not* ignore the *Johnson* factors. Defendants in fact addressed them in detail. Opposition (ECF No. 614) at 36-41. Defendants' discussion of the eighth *Johnson* factor, "the amount in controversy and the results obtained," appears in the Opposition at 39-40. That discussion refers to prior discussion in the Opposition at 4-14, which addressed in detail the degree of success and the results obtained, and explained that this case resulted in an outcome that was

5

roughly the same for Plaintiff as the various settlement offers that Plaintiff rejected, leading to the trial, appeals, and so forth:

> The absence of any proportion between the fees and costs sought to be awarded to date, and the result that Plaintiff attained, have already been discussed. *Again, Plaintiff sought the pie-in-the-sky recovery of $18 million in this action. Plaintiff received a judgment of only $1,502,882.00. Since the last time the parties briefed a lodestar analysis (ECF 493/503), this Court reduced the $1.5 million principal judgment to $861,062.00, before the imposition of interest.* Also, Plaintiff lost all the claims it raised on appeal. The final judgment was equivalent to the settlement offers in this case, which, if Plaintiff had been reasonable, and had accepted the $1.1 million offer, would have prevented as much or more litigation (post-trial and appellate) and fees *for all parties*, as had occurred, and been incurred, prior to the settlement offers.

*Id.* at 39 (emphasis added). Defendants' Opposition's discussion of reasonableness and proportionality relates directly to the eighth *Johnson* factor, the degree of success and the results obtained. *Id*. at 4-14. Consistent with the lack of any treatment of this factor in the Report, at the hearing, when counsel raised this argument during the hearing, Judge Copperthite simply dismissed it as "blurring the line." ECF No. 637 (5/4/2023 Tr. at 55).

Defendants object to Judge Copperthite's refusal to consider the facts and circumstances of what was at stake and the results obtained. As explained in Defendant's Opposition, Plaintiff would not settle, sought an unsubstantiated amount, and the judgment was a tiny fraction of Plaintiff's demands. Opposition (ECF No. 614) at 5-7. Also, Plaintiff's overreach extended this case and prevented settlement, in significant part due to: (1) Plaintiff's refusal to credit against the judgment amount money that Defendant Marc Bern paid to settle himself out of this case; and (2) Plaintiff's pursuit of the DLF fees, which it was never entitled to receive. *Id. at 7-9, 11-13.* Defendants prevailed on both of these matters. These issues are all highly relevant to *Johnson* factor eight – the matters at stake and the results obtained. The Report did not consider this, and

for this reason, Defendants object, and request this Court's reconsideration of the *Johnson* factors, and in particular, factor eight.

## III.     CONCLUSION

For the foregoing reasons, Defendants respectfully object to Magistrate Judge Copperthite's Report and Recommendations (ECF No. 636).

Dated: June 6, 2023                                      Respectfully submitted,

**OFFIT KURMAN, P.A.**

By: */s/ Timothy C. Lynch*
Harold M. Walter, Esquire #3387
Timothy C. Lynch, Esquire #12764
Eric J. Pelletier, Esquire #12716
Meghan K. Finnerty, Esquire *(pro hac vice)*
1954 Greenspring Drive, Suite 605
Timonium, MD 21093
Telephone: 410-209-6436
Facsimile: 410-209-6435
tlynch@offitkurman.com
epelletier@offitkurman.com
hwalter@offitkurman.com
mfinnerty@offitkurman.com
*Counsel for Defendants Paul J. Napoli, individually, Napoli Shkolnik, PLLC, Napoli Shkolnik & Associates, PLLC, Paul Napoli Law, PLLC and Napoli Law, PLLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on June 6, 2023 copies of the foregoing were served electronically upon all parties receiving service via CM/ECF as well as via electronic mail in this case.

Andrew Jay Graham, Esquire
David J. Shuster, Esquire
Jean E. Lewis, Esquire
John A. Bourgeois, Esquire
B. Summer Hughes Niazy, Esquire
Sheila R. Gibbs, Esquire
Emily R. Greene, Esquire
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
agraham@kg-law.com
dshuster@kg-law.com
jlewis@kg-law.com
jbourgeois@kg-law.com
sgibbs@kg-law.com
egreene@kg-law.com
*Attorneys for Keyes Law Firm, LLC*

William N. Sinclair, Esquire
SILVERMAN THOMPSON SLUTKIN WHITE
201 North Charles Street, 26th Floor
Baltimore, Maryland 21201
bsinclair@mdattorney.com
*Attorneys for Defendants Bern Ripka LLP, Marc J. Bern & Partners LLP, and Marc Jay Bern*

Michelle N. Lipkowitz, Esquire
Kayleigh T. Keilty, Esquire
SAUL EWING ARNSTEIN & LEHR LLP
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202-3133
kayleigh.keilty@saul.com
*Attorneys for Defendants Napoli Bern Ripka & Associates, LLP, Napoli Bern Ripka Shkolnik, LLP, Napoli Bern, LLP, Napoli, Bern & Associates, LLP, Napoli Bern Ripka LLP, Napoli Bern Ripka Shkolnik & Associates, LLP, Law Offices of Napoli Bern, LLP, Law Offices of Napoli Bern Ripka & Associates LLP, Law Offices of Napoli Bern Ripka Shkolnik LLP, Law Offices of Napoli Bern Ripka Shkolnik & Associates LLP, Napoli, Kaiser, Bern & Associates, LLP, and Pasternack Tilker Napoli Bern LLP*

*/s/ Meghan K. Finnerty*
Meghan K. Finnerty

4871-9520-8808, v. 1