UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEYES LAW FIRM, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>NAPOLI BERN RIPKA SHKOLNIK, LLC, ET AL.,<br><br>*Defendants.* | Civil No. 1:17-CV-02972-JRR |

### ORDER OF JUDGMENT OF ATTORNEYS' FEES AND COSTS

The court referred to United States Magistrate Judge A. David Copperthite for Report and Recommendation Plaintiff's Motion for Attorneys' Fees at ECF No. 606 (the "Motion"). (ECF No. 627.) Judge Copperthite conducted a hearing on May 4, 2023, and, thereafter, issued a Report and Recommendation. (ECF No. 636.) Defendants Paul J. Napoli, individually; Napoli Shkolnik, PLLC; Napoli Shkolnik & Associates, PLLC; Paul Napoli Law, PLLC; and Napoli Law, PLLC, (collectively, the "Napoli Defendants") filed timely objections to the R&R at ECF No. 638. Defendants Napoli Bern Ripka Shkolnik, LLP, and Defendants Napoli Bern, LLP, Napoli Bern & Associates, LLP, Napoli Bern Ripka, LLP, Napoli Bern Ripka & Associates, LLP, Napoli Bern Ripka Shkolnik & Associates, LLP, Law Offices of Napoli Bern, LLP, Law Offices of Napoli Bern Ripka & Associates, LLP, Law Offices of Napoli Bern Ripka Shkolnik LLP, Napoli Kaiser, Bern & Associates, LLP, Pasternack Tilker Napoli Bern, LLP, and Law Offices of Napoli Bern Ripka Shkolnik & Associates LLP (collectively, the "Legacy Defendants") filed their objections to the R&R at ECF No. 639, which incorporate by reference the objections of the Napoli Defendants.[1]

---

[1] Use of "Defendants" or "all Defendants" means the Napoli Defendants and the Legacy Defendants collectively.

The R&R recommends that the court grant the Motion in part[2] and award $437,819.54 in attorneys' fees and $613,053.44 in costs, for a total of $1,050,872.98, in favor of Plaintiff and against all Defendants, jointly and severally, at the interest rate consistent with 28 U.S.C. § 1961 (*see* ECF No. 596), for Defendants' bad faith litigation misconduct as set forth in the R&R.

The court has reviewed the Motion, the hearing transcript at ECF No. 640-1, the R&R, the Napoli Defendants' Objections, and the Legacy Defendants' Objections. None of the Defendants' objections has merit; rather they materially miscontextualize Judge Copperthite's statements on the record, ignoring material portions of his thorough and thoughtful analysis.

Defendants complain that Judge Copperthite incorrectly described various of their positions or arguments (including as to whether the court has authority to sanction as requested in the Motion and whether Defendants addressed the *Johnson*[3] factors relevant to the lodestar analysis). The transcript and the papers speak for themselves. It is true that Defendants do not challenge the court's inherent or rule-based authority to sanction as a general proposition, but Defendants' oppositions to the Motion plainly dispute the court's authority to impose the sanctions requested in the Motion. (*See, e.g.,* ECF No. 614 at 3.) Regardless, this objection is of no substantive moment. Likewise, Defendants' objection that Judge Copperthite failed to acknowledge that they did, in fact, address the *Johnson* factors is of no moment (and incorrect). What is important, however, is Defendants' objection that Judge Copperthite's "fail[ed] to address the Eighth Johnson factor." (ECF No. 638 at 4.) Here, too, Defendants' objection lacks support in the record. The R&R expressly delineates all twelve *Johnson* factors, adopts as correct Plaintiff's analysis as to same; and, with the respect to the eighth *Johnson* factor (the amount in controversy and the results obtained), Judge Copperthite expressly (and correctly) dispensed with

---

[2] The Motion seeks a total award of $1,308,118.57. (ECF No. 606 at 45.)
[3] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

Defendants' arguments pertaining to settlement offers and litigation outcomes as "specious" and "irrelevant," because the sanctions requested are for Defendants' bad faith litigation misconduct; the Motion is not rooted in a prevailing party argument. (*See, e.g.,* R&R, ECF No. 636, at 7; hearing transcript, ECF No. 640-1, at 37.) Notably, Defendants waive all objection to Judge Copperthite's finding "by clear and convincing evidence" that Defendants engaged in "intentional misconduct strategically devised to harass Plaintiff, waste the time and resources of this Court, and blatantly defy the Orders of this Court." (R&R, ECF No. 636, at 7.)

The court agrees, wholesale, with Judge Copperthite's evaluation and description of Defendants' conduct in this action, and concurs entirely and without exception with Judge Copperthite's legal analysis.

Therefore, it is this 11th day of July 2023, **FOUND and ORDERED** that:

1. Defendants' objections at ECF Nos. 638 and 639 are **OVERRULED**;

2. The court accepts and adopts in its entirety Judge Copperthite's Report and Recommendation at ECF No. 636, as all factual findings, legal analysis, and legal conclusions set forth therein are correct, well-reasoned, and consistent with the law. 28 U.S.C. § 636(b)(3); Local Rule 301.5 Fed. R. Civ. P. 72;

3. Plaintiff's Motion for Attorneys' Fees at ECF No. 606 is **GRANTED IN PART** as follows and **DENIED** in all other respects: **JUDGMENT** shall be entered in favor of Plaintiff Keyes Law Firm, LLC, and jointly and severally against Defendants Paul J. Napoli; Napoli Bern Ripka Shkolnik LLP; Paul Napoli Law PLLC; Napoli Law PLLC; Napoli Shkolnik, PLLC; Napoli Shkolnik & Associates PLLC; Napoli Bern LLP; Napoli Bern & Associates LLP; Napoli Bern Ripka & Associates LLP; Napoli Bern Ripka LLP; Napoli Bern Ripka Shkolnik & Associates LLP; Law Offices of Napoli Bern LLP; Law Offices of Napoli Bern Ripka & Associates LLP;

Law Offices of Napoli Bern Ripka Shkolnik LLP; and Law Offices of Napoli Bern Ripka Shkolnik & Associates LLP **in the total amount of $1,050,872.98 (representing $437,819.54 in attorneys' fees and $613,053.44 in costs), plus post-judgment interest** consistent with 28 U.S.C. § 1961;

4. In the event any Defendant appeals to stay execution of this Judgment, the appealing Defendants shall, pursuant to Local Rule 110, post a *supersedeas* bond in the amount of 120% of the above-referenced Judgment amount *plus* an additional $500 to cover Plaintiffs' appeal costs;

5. Any and all prior rulings of the court disposing of any claims against any parties are hereby incorporated by reference herein; and this Judgment shall be deemed a final judgment in accordance with FED. R. CIV. P. 58; and

6. Madam Clerk shall close this case.

/S/

_____
Julie R. Rubin
United States District Judge